Jeff F. SMITH, Relator,

v.

The Honorable Michael J. O'NEILL,
Respondent.

No. D–0953.

Supreme Court of Texas.

June 19, 1991.

Rehearing Overruled Sept. 11, 1991.

Timothy W. Sorenson, Dallas, for relator.

Linda A. Acevedo, Sheila R. McIlnay, Dawn M. Miller, Austin, for respondent.

PER CURIAM.

In this original proceeding, Relator Jeff F. Smith ("Smith") seeks a writ of mandamus directing the trial judge to hear evidence and rule upon Smith's First Amended Motion to Reinstate Probation and to Dissolve Injunction. Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, without hearing oral argument, a majority of the court conditionally grants the writ of mandamus.

In 1987, the State Bar of Texas ("State Bar") filed a disciplinary action against Smith for professional misconduct. In May 1988, Smith and the State Bar entered into an Agreed Judgment in which they agreed that Smith had committed numerous acts of professional misconduct, that Smith was suspended from the practice of law for six (6) years for each act of professional misconduct and that the suspension was probated partially conditioned upon the payment of restitution. Subsequently, in September 1988, upon the State Bar's motion to revoke probation, the trial judge found that Smith violated a material term of his probation (i.e., the failure to pay restitution) and ordered that the entire six (6)

years of suspension should be served.[1] No appeal was perfected from either the Agreed Judgment or the Order Revoking Probation.

In November 1990, Smith filed his First Amended Motion to Reinstate Probation and to Dissolve Injunction in which he asserted that his prior acts of misconduct were due to cocaine addiction, that he has been free of all "mind changing chemicals" including cocaine and alcohol since August 1988 and that he has and is receiving treatment for his addiction, constituting a change of circumstances since the revocation of his probation. Smith further admitted that he has not made full restitution to his former client (or to the State Bar Client Security Fund which has made full payment to his former client). In December 1990, the State Bar filed a Plea to the Jurisdiction asserting that the Agreed Judgment and Order Revoking Probation were final and that the trial court lacked jurisdiction to hear any motion seeking to alter, amend or vacate the final judgment and order. The trial judge sustained the State Bar's Plea to the Jurisdiction and held that it was without jurisdiction to consider Smith's Motion to Reinstate Probation and to Dissolve Injunction.

Smith argues that the trial judge abused his discretion when he sustained the State Bar's Plea to the Jurisdiction and refused to hear evidence and rule upon Smith's First Amended Motion to Reinstate Probation and to Dissolve Injunction. We agree.

■ Whether the trial judge had a duty to hear evidence and rule upon Smith's First Amended Motion to Reinstate Probation and to Dissolve Injunction involves the nature of the Agreed Judgment and Order Revoking Probation. If they are decrees of injunction, they may be reviewed, opened, vacated or modified by the trial court upon a showing of changed conditions. *See City of Tyler v. St. Louis Southwestern Ry.*, 405 S.W.2d 330, 332 (Tex.1966) "Trial courts undoubtedly have jurisdiction to modify or vacate their judgments granting permanent injunctions because of changed conditions. Their judgments doing so or refusing to do so are, of course, reviewable on appeal; but their original jurisdiction to make the decision is exclusive." *Id.* at 332 (citations omitted).

■ Although the Agreed Judgment and Order Revoking Probation include other relief, the order of suspension would be unenforceable and meaningless without the injunctive relief enjoining Smith from practicing law in Texas. In other words, the operative portion of the Agreed Judgment and Order Revoking Probation is the injunctive relief enjoining Smith from practicing law in Texas. Since the Agreed Judgment and Order Revoking Probation are decrees of injunction, they may be reviewed, opened, vacated or modified by the trial court upon a showing of changed circumstances. As a result, the trial judge abused his discretion when he sustained the State Bar's Plea to the Jurisdiction and

---

1. The Agreed Judgment provided in pertinent part:

> During the period of any active suspension that may be imposed upon Respondent by the Court by reason of Respondent's failure to adhere to the terms of this Judgment, it is ORDERED that Respondent is enjoined from practicing law in Texas, holding himself out as an attorney at law, performing any legal services for others, accepting any fee directly or indirectly for legal services, appearing as counsel in any representative capacity in any proceeding in any Texas court or before any Texas administrative body, or holding himself out to others or using his name, in any manner, in conjunction with the words "attorney at law," "counselor at law," or "lawyer."

The Order Revoking Probation provided in pertinent part:

> It is further ORDERED, ADJUDGED and DECREED that the Respondent, Jeff F. Smith, during said suspension is hereby enjoined from practicing law in Texas, holding himself out as an attorney at law, performing any legal services for others, accepting any fee directly or indirectly for legal services, appearing as counsel or in any representative capacity in any proceeding in any Texas court or before any Texas administrative body, or holding himself out to others or using his name, in any manner, in conjunction with the words "attorney at law," "counselor at law," or "lawyer."

refused to hear evidence and rule upon Smith's First Amended Motion to Reinstate Probation and to Dissolve Injunction.

Smith further argues that the six (6) year suspension from the practice of law prescribed in the Agreed Judgment and Order Revoking Probation is void because the trial judge exceeded the statutory authority for suspension. More specifically, Smith argues that the State Bar Rules [2] limit the amount of time for which an attorney may be suspended for professional misconduct to three (3) years. However, as a result of the disposition of the previous issue, it is not necessary to consider whether the six (6) year suspension from the practice of law in this case is void. Thus, we express no opinion on this issue.

Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, without hearing oral argument, a majority of the court conditionally grants the writ of mandamus. The writ will issue only if the trial judge refuses to act in accordance with this opinion.

2. SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS art. X,

§§ 8(2), 23(A) (1988).