CITY OF SAN ANTONIO, Appellant,

v.

Stanley E. SINGLETON, Appellee.

No. 04–91–00426–CV.

Court of Appeals of Texas, San Antonio.

Sept. 30, 1992.

Rehearing Denied Nov. 24, 1992.

---

**52**

Jackson C. Hubbard, David Lawrence Earl, City Atty's. Office, San Antonio, for appellant.

Jerry T. Steed, Baucum & Steed, San Antonio, for appellee.

Before PEEPLES, CARR and GARCIA, JJ.

## OPINION

GARCIA, Justice.

Appellee, Stanley E. Singleton, sued appellant, the City of San Antonio, seeking damages based upon an inverse condemnation cause of action for diversion of surface water across his property. Appellee sought relief pursuant to the Texas Civil Practice and Remedies Code and the Texas Water Code, including equitable relief of a permanent injunction enjoining the appellant from directly or indirectly allowing to continue the diversion of the natural flow of surface water onto appellee's property. In August, 1988, the trial court entered a judgment on a jury verdict for the appellee consisting in part that the appellant place a certain drainage project on its priority listings within a four year period from the date of judgment. In effect, the city would construct a storm sewer culvert to prevent the continuation of the diversion of water. More than two years later, appellee sought to modify the 1988 judgment. Appellant appeals from the modified judgment. We affirm the trial court's judgment.

In its first point of error, appellant contends that the trial court erred in assuming jurisdiction to modify or amend the 1988 judgment after the court's plenary power had expired. Appellant argues that the 1988 court judgment expired thirty days after its rendition. *See* Tex.R.Civ.P. 329(b). The Texas Supreme Court has recently held that a decree of injunction may be reviewed, opened, vacated, or modified by the trial court upon a showing of changed conditions. *See Smith v. O'Neill*, 813 S.W.2d 501 (Tex.1991). In the case at bar, after learning of circumstances indicating the lack of an official priority listing and the availability of funds to build a culvert, appellee sought to expedite the construction of the culvert to afford the same relief acquired in the 1988 judgment. Appellant argues that even if the court retained jurisdiction to issue a new judgment that only appellant could seek relief upon new or changed circumstances. In *City of Seagoville v. Smith*, 695 S.W.2d 288, 289 (Tex.App.—Dallas 1985, no writ), the court held that a party against whom judgment was granted could seek a modification of the injunctive relief. We acknowledge the rule, but note that there is no prohibition in law against allowing either party to seek a modification upon a showing of changed conditions or circumstances. We overrule appellant's first point of error.

In its second point of error, appellant contends that the trial court erred in seeking or attempting to control the discretionary and political functions of the City of San Antonio by issuing a mandatory injunction ordering the construction of the drainage project. In its third point of error, appellant contends that the trial court erred in ruling that the city violated TEX. WATER CODE ANN. § 11.086(a), in light of a certain jury finding. Appellee responds that both of these issues were a part of the 1988 judgment which could have been appealed after the first judgment. A judgment which awards judicial consequences which law attaches to facts, determines controversies between parties over subject matter, and terminates litigation on the merits is a final judgment although further proceedings may be required to implement the judgment. *See Hinde v. Hinde*, 701 S.W.2d 637 (Tex.1985). In fact, appellant attempted to appeal from the 1988 judgment, in which they could have raised these same issues, but did not pursue the matter. The appeal was dismissed for want of jurisdiction. To hold otherwise would be to permit similarly situated appellants to appeal at will at any time without regard to the rules of appellate procedure. Could appellant appeal from a two year-old judgment in which appellee had not sought any modification? Absolutely not. Finality must attach to appealable issues at the first opportunity. We overrule appellant's second and third points of error. We affirm the trial court's judgment.

PEEPLES, Justice, dissenting.

It is certainly true that a court may modify a permanent injunction because of changed circumstances. *See Smith v. O'Neill*, 813 S.W.2d 501 (Tex.1991); *City of Tyler v. St. Louis Southwestern Ry.*, 405 S.W.2d 330 (Tex.1966). But the action taken in this case exceeds the changed circumstances rule. Here the court's June 1991 order simply grants specific relief that its August 1988 judgment neglected to grant. Nothing has changed since 1988, except that everyone has learned that the earlier judgment was not as specific as it should have been.

The 1988 judgment ordered the city to place a drainage project, which would prevent water from flowing onto Singleton's property, on its official list of things to do. The city has not complied with that judgment, and I do not defend for one moment its failure to do so. If the city had complaints about the judgment, it should have appealed. But that does not mean that the courts can change the 1988 final judgment.

Concerning the nunc pro tunc rules, the courts have no jurisdiction to alter their final judgments simply because they were not drafted tightly enough, or because no one anticipated events with keen foresight. Judicial errors cannot be corrected after plenary power has expired. *See Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex.1986); *Mathes v. Kelton*, 569 S.W.2d 876, 877–78 (Tex.1978); *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex.1973).

Here the 1991 judgment adds significant terms that the 1988 judgment omitted. It orders the city to commence the drainage project within 60 days and complete it within one year, or pay Singleton $160,000. Those terms should have been written into the 1988 judgment, but they were not. The court put them into the 1991 judgment because of 20–20 hindsight, not because of changed circumstances. The court had no jurisdiction to make that change in the 1988 final judgment. I would reverse and render judgment that the 1991 revised judgment be set aside.