CITY OF SAN ANTONIO, Petitioner,

v.

Stanley E. SINGLETON, Respondent.

No. D–3274.

Supreme Court of Texas.

June 30, 1993.

Jackson C. Hubbard, David Lawrence Earl, San Antonio, for petitioner.

Jerry T. Steed, San Antonio, for respondent.

ON MOTION FOR REHEARING

PER CURIAM.

The Respondent's motion for rehearing is overruled. The per curiam opinion delivered April 14, 1993, is withdrawn, and the following is substituted therefor.

This cause involves a trial court's continuing authority to modify the terms of a permanent injunction. The court of appeals concluded that the trial court's modifications were proper because conditions had changed since the time of the original judgment. 853 S.W.2d 51. We disagree, and therefore reverse.

Stanley E. Singleton sued the City of San Antonio in 1983 for damages resulting from the diversion of surface water across his property. In August 1988, after a jury trial,[1] the trial court rendered a judgment ordering the City to place a specified drainage plan on its official priority list for drainage bond projects for four years from the date of the judgment. The judgment did not, however, expressly require the City to fund the project, either from funds on hand or from funds that might become available. It merely required that the project be placed on the official priority list and that the project be completed within a year of implementation.

In 1991, Singleton sought modification of the 1988 judgment on the basis that additional funds had since become available. At a hearing on Singleton's motion, the Director of the City's Public Works Department testified that surplus funds remained from 1984 and 1985 bond issues, and those funds had not been allocated for use on the project specified in the 1988 judgment.

---

1. The jury found, among other things, that the City had permitted the diversion of surface water to Singleton's property to continue, proximately causing damage to Singleton's property; but the jury failed to find that any specific action on the part of the City had diminished the value of Singleton's property or substantially interfered with his use and enjoyment of the property.

After the hearing, the trial court amended its previous judgment to require the City to implement the specified drainage plan within sixty days, and to complete the project within one year. In the event the City failed to implement and complete the project as specified, the amended judgment required the City to pay Singleton damages in the amount of $160,000 plus post-judgment interest.

The City complains that the 1991 amendments were beyond the trial court's authority. We agree.

 A trial court generally retains jurisdiction to review, open, vacate or modify a permanent injunction upon a showing of changed conditions. *Smith v. O'Neill*, 813 S.W.2d 501, 502 (Tex.1991). The authority to exercise that jurisdiction, however, must be balanced against principles of res judicata. *See System Fed'n No. 91 v. Wright*, 364 U.S. 642, 647–48, 81 S.Ct. 368, 371, 5 L.Ed.2d 349 (1961). Whether right or wrong, an injunction "is not subject to impeachment in its application to the conditions that existed at its making." *United States v. Swift & Co.*, 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932).

There is no evidence in the record that conditions affecting the trial court's judgment have changed since the time it was originally rendered. While there was testimony suggesting that the City had recently identified certain unallocated funds, there was no suggestion that the physical conditions the drainage project would have remedied had changed in any respect since 1988. Thus, the terms of the 1991 modification should have been adopted, if at all, at the time of the trial court's original judgment.

Because nothing has happened since 1988 to justify revision of the judgment, the 1991 modifications were beyond the trial court's authority. *See United States v. Swift & Co.*, 286 U.S. at 119, 52 S.Ct. at 464. Accordingly, a majority of the court grants the City's application for writ of

error and, without hearing oral argument, reverses the judgment of the court of appeals and renders judgment that the 1991 revised judgment is set aside.[2] Tex. R.App.P. 170.

---

2. Our disposition of this cause does not affect the validity of the 1988 judgment, which has previously become final. *See generally City of*

*Tyler v. St. Louis S.W. Ry.*, 405 S.W.2d 330, 332 (Tex.1966).