# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
### NO. 03-04-00568-CV
---

**Marc Wein, Appellant**

**v.**

**Maureen Jenkins and William E. Sherman, Appellees**

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. GN103548, HONORABLE PATRICK O. KEEL, JUDGE PRESIDING
---

### M E M O R A N D U M   O P I N I O N

This appeal arises from the district court's judgment that appellant, Marc Wein, violated his neighborhood association's deed restriction concerning residential land uses and that he trespassed on and proximately caused damage to appellees' adjacent property.[1] In two issues Wein contends that (1) the district court abused its discretion by issuing an overly broad permanent injunction prohibiting him from using his residence for anything other than single-family, private residential purposes; and (2) the district court's final judgment resulted in a double recovery by

---

[1] The restriction at issue states that no lot subject to the restriction shall be used for anything other than single-family, private residential purposes. It is contained in a document entitled *Modified Protective Restrictions and Covenants for Inverness Point Subdivision.* We will refer to the entire document as the "Deed Restrictions." We will refer to the specific land use restriction at issue here as the "Lot Use Restriction."

appellees, Maureen Jenkins and William Sherman (collectively the appellees).[2] Because we hold that the district court did not abuse its discretion and that the jury's award did not compensate the appellees twice for the same injury, we affirm the district court's judgment.

## BACKGROUND

The appellees sued Wein, their neighbor, alleging that he had trespassed on their property by building a boat dock and tramway[3] partially on their property and that he was operating a commercial bed and breakfast out of his home in violation of the Lot Use Restriction. The suit went to trial, and in May 2004 the jury found in favor of the appellees, awarding them $27,800 for damages proximately caused by Wein's trespass. In its final judgment, the district court incorporated the jury's damage award and, based on the jury's finding that Wein had violated the Lot Use Restriction, granted the appellees' application for a permanent injunction stating:

> Wein, his agents, servants, employees, and any other persons in active concert or participation with Wein are commanded immediately to cease using the residence located at 19314 Inverness Drive, Spicewood, Texas 78669 (the 'Property') for anything other than single-family, private residential purposes. 'Single-family, private residential purposes' does not include (a) operating at the Property the business known as 'The Inn at Inverness'; (b) operating at the Property any other commercial business in the nature of a hotel, 'bed & breakfast,' inn, or venue for parties, business meetings, or retreats.

---

[2] In a third issue Wein argued that the district court lacked jurisdiction to hold an evidentiary hearing on the appellees' motion for contempt alleging Wein violated the permanent injunction and improperly recommended awarding attorney's fees to the appellees. We have previously resolved this issue in *Marc Wein v. Maureen Jenkins & William Sherman*, No. 03-04-00568-CV (Tex. App.—Austin Feb. 15, 2005) (order finding Wein in contempt and fining him $5,000).

[3] Because the boat dock was floating, it did not constitute a trespass by itself. However, the appellees alleged that it was illegally tethered to their property. The tramway and stairs leading to the boat dock were permanent structures built partially on the appellees' property.

2

Wein filed a motion to modify the final judgment to reflect the possibility that the Lot Use Restriction could be revised in the future. Article IX subsection (4) (the "Amendment Provision") of the Deed Restrictions provides that any restriction or covenant "may be amended or changed at anytime by the affirmative vote of the then owners of at least two-thirds (2/3) of the lots shown by the recorded plat of Inverness Point." Wein argued that if the association did modify the restriction to allow some use other than single-family residential, then the language of the permanent injunction would unfairly prevent him from being able to immediately take advantage of the modification. The district court denied Wein's modification request. This appeal followed.

### *Permanent injunction*

In his first issue, Wein contends that the district court abused it discretion in granting the permanent injunction because it (1) ignored the possibility that the deed restrictions may be amended under the Amendment Provision, and (2) provides more relief than the appellees sought. Wein apparently is arguing that the permanent injunction as drafted precludes him from exercising any potential rights that might be created if the Lot Use Restriction is ever amended to permit uses other than single-family residential use. As drafted the permanent injunction would require him to have the injunction dissolved or modified if the Lot Use Restriction ever changed.

The grant or refusal of a permanent injunction is ordinarily within the trial court's sound discretion. *Voice of the Cornerstone Church Corp. v. Pizza Prop. Partners*, 160 S.W.3d 657, 667 (Tex. App.—Austin 2005, no pet.); *Texas Health Care Info. Council v. Seton Health Plan, Inc.*, 94 S.W.3d 841, 851 (Tex. App.—Austin 2002, pet. denied). A trial court "abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error

3

of law." *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)).

The permanent injunction does not grant more relief than the appellees sought in their pleadings. In their eighth amended original petition for permanent injunction and damages, appellees requested that the district court permanently enjoin Wein from (1) operating his residence as a bed and breakfast, (2) renting out rooms at his residence, and (3) renting out his residence for special events such as weddings and corporate retreats. The permanent injunction clearly and precisely granted their request, was not overly broad, and did not prevent Wein from exercising any legal right he possessed at the time it was issued.

Restrictive covenants are subject to the general rules of contract construction. *Pilarcik v. Emmons*, 966 S.W.2d 474, 478 (Tex. 1998). In construing a restrictive covenant, we seek to effect the intention of the parties when the covenant was drafted. *Voice of the Cornerstone Church Corp.*, 160 S.W.3d at 667. Generally, a permanent injunction may not grant relief that is not prayed for, nor should it be so broad as to enjoin a defendant from activities that are a lawful and proper exercise of his rights. *Holubec v. Brandenberger*, 111 S.W.3d 32, 39 (Tex. 2003); *Villalobos v. Holguin*, 208 S.W.2d 871, 875 (Tex. 1948). An injunction must be as definite, clear, and precise as possible. *Villalobos*, 208 S.W.2d at 875; *Computek Computer & Office Supplies, Inc. v. Walton*, 156 S.W.3d 217, 220-21 (Tex. App.—Dallas 2005, no pet. h.).

The Lot Use Restriction states that "[n]one of the lots or the improvements thereon shall be used for anything other than single-family, private residential purposes . . . ." The permanent injunction commanded Wein to cease using his property for anything other than "single-family,

4

private residential purposes." In the injunction, the district court explained that the phrase "single-family, private residential purposes" does not include the operation of any "commercial business in the nature of a hotel, 'bed & breakfast,' inn, or venue for parties, business meetings, or retreats." This explanation is consistent with both the plain language and the underlying purpose of the Lot Use Restriction as it existed at the time the injunction was issued.

Wein suggests that the district court erred by not conditioning the injunction's prohibitions on the continued existence of the Lot Use Restriction. However, the fact that the Lot Use Restriction *could be amended* does not mean that the district court abused its discretion by enforcing the existing version of the restriction. The Amendment Provision does not require the district court to assume that the Lot Use Restriction *will be amended*. The district court construed the Lot Use Restriction as it existed at the time of suit. It would have been inappropriate for the district court to reference either the Deed Restrictions (including the Amendment Provision) or the Lot Use Restriction in its injunction order. Tex. R. Civ. P. 683 (providing that order granting an injunction shall describe in reasonable detail, and not by reference to complaint or other document, act or acts sought to be restrained). As the supreme court has held in reversing a "modification" of an injunction, "the decree cannot prejudge new situations, which were not before the court in the first instance . . . . Nor should it be greatly concerned with rights of the defendants that are asserted largely in the abstract." *San Antonio Bar Ass'n v. Guardian Abstract & Title Co.*, 291 S.W.2d 697, 702 (Tex. 1956). The supreme court was not concerned about placing the burden on the enjoined party to seek relief in the face of changed circumstances. We reject Wein's complaint that he should

5

not have the burden of dissolving the permanent injunction should the Lot Use Restriction ever be modified.

Wein does not challenge the finding that he violated the Lot Use Restriction both before and after the issuance of the permanent injunction. Nor does he challenge the fact that, at the time the injunction was issued, he did not have the right to use his residence for anything other than single-family, private residential purposes. While it is hypothetically possible that the Lot Use Restriction may be modified, we cannot conclude that the district court erred by enforcing the restriction as it existed at the time of the behavior complained of by appellees.[4] Consequently, we hold that the district court did not abuse its discretion. Wein's first issue is overruled.

### Double recovery

Wein argues that the district court's final judgment improperly resulted in a double recovery by the appellees. *See Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390 (Tex. 2000) ("Under the one satisfaction rule, a plaintiff is entitled to only one recovery for any damages suffered."). He insists that the damages award, stemming from his trespass on the appellees' property, reflects their double recovery, in light of the court's order that Wein remove the "railroad-tie planters, boat dock, and tramway" at his own expense. We disagree.

At trial, Maureen Jenkins, one of the appellees, testified that while Wein was renovating his house and using her property as a staging area for equipment and materials, his

---

[4] We note that if the Lot Use Restriction is amended Wein may petition the district court to vacate or modify the permanent injunction. *See City of San Antonio v. Singleton*, 858 S.W.2d 411, 412 (Tex. 1993) (stating that trial court generally retains jurisdiction to review, open, vacate or modify permanent injunction upon showing of changed conditions).

contractors clear-cut a section of her lot, which included the removal of a large and valuable oak tree. In addition, the appellees offered two estimates into evidence to establish the damages arising from Wein's trespass on their property. One estimate indicated that it would cost $68,971.40 to replace and plant a new oak tree ($22,500), place erosion control barriers on the cleared portion of the property ($38,920), and remove the offending railroad-tie planters ($1,200).[5] The jury awarded the appellees $27,800 in compensatory damages for Wein's trespass. The district court incorporated the jury's award into the final judgment.

Wein suggests that because the jury also heard evidence that it would cost $7,800 to remove the tramway and stairs and $1,200 to remove the railroad-tie planters, it is likely that it included those costs in its compensatory award. Since he had to remove the tramway, stairs, and planters at his own expense, he argues that the appellees would receive a double recovery for the damages arising from his trespass. However, the jury's compensatory award of $27,800 was less than half of the estimated cost of replacing the felled oak tree and taking precautions to eliminate the erosion caused by Wein's wrongful clear-cutting on the appellees' property. The jury could have arrived at its award without including any costs of removing the tramway, steps, and planters, and still had evidence to support its specified damages of $27,800. Thus, we cannot conclude as a matter of law that the appellees received an impermissible double recovery. Wein's second issue is overruled.

---

[5] The estimate also included a line item for installing one hundred and seventy-five feet of rock border between the adjoining properties at a cost of $1,689. We note that sales tax has not been included in any of the individual line item costs.

7

# CONCLUSION

Because we hold that the district court did not abuse its discretion in drafting the permanent injunction and that the jury's award of compensatory damages did not compensate the appellees twice for the same injury, we affirm the district court's judgment.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed:   September 9, 2005