Mr. Robert Scott Commissioner of Education Texas Education Agency 1701 North Congress Avenue Austin, Texas 78701-1494
Re: Whether the Schoolchildren's Religious Liberties Act, subchapter E, chapter 25 of the Education Code, is circumscribed in the Houston Independent School District by a 1970 permanent injunction issued by a federal district court (RQ-0622-GA)
Dear Mr. Scott:
You ask whether the Schoolchildren's Religious Liberties Act (the "SRLA"), subchapter E, chapter 25 of the Education Code, is circumscribed in the Houston Independent School District ("HISD") by a permanent injunction issued in 1970 by a federal district court.[1]
The SRLA[2], enacted in 2007 by the Eightieth Legislature, requires a school district to "treat a student's voluntary expression of a religious viewpoint, if any, on an otherwise permissible subject in the same manner the district treats a student's voluntary expression of a secular or other viewpoint on an otherwise permissible subject and may not discriminate against the student based on a religious viewpoint expressed by the student on an otherwise permissible subject." TEX. EDUC. CODE ANN. § 25.151 (Vernon Supp. 2007); see Act of May 26, 2007, 80th Leg., R.S., ch. 261, 2007 Tex. Gen. Laws 403, 403-07. The SRLA provides for freedom of religious expression in class assignments and freedom to organize religious groups and activities. The statute also prescribes a model policy governing voluntary religious expression in public schools. See TEX. EDUC. CODE ANN. §§ 25.153-.154, .156 (Vernon Supp. 2007).
For purposes of the present inquiry, section 25.152 of the Education Code is particularly relevant: *Page 2 
 (a) To ensure that the school district does not discriminate against a student's publicly stated voluntary expression of a religious viewpoint, if any, and to eliminate any actual or perceived affirmative school sponsorship or attribution to the district of a student's expression of a religious viewpoint, if any, a school district shall adopt a policy, which must include the establishment of a limited public forum for student speakers at all school events at which a student is to publicly speak. The policy regarding the limited public forum must also require the school district to:
 (1) provide the forum in a manner that does not discriminate against a student's voluntary expression of a religious viewpoint, if any, on an otherwise permissible subject;
 (2) provide a method, based on neutral criteria, for the selection of student speakers at school events and graduation ceremonies;
 (3) ensure that a student speaker does not engage in obscene, vulgar, offensively lewd, or indecent speech; and
 (4) state, in writing, orally, or both, that the student's speech does not reflect the endorsement, sponsorship, position, or expression of the district.
 (b) The school district disclaimer required by Subsection (a)(4) must be provided at all graduation ceremonies. The school district must also continue to provide the disclaimer at any other event in which a student speaks publicly for as long as a need exists to dispel confusion over the district's nonsponsorship of the student's speech.
 (c) Student expression on an otherwise permissible subject may not be excluded from the limited public forum because the subject is expressed from a religious viewpoint.
Id. § 25.152.
HISD is subject to a permanent injunction, entered by a federal district court on December 28, 1970, in the case of Guild v. HoustonIndependent School District. The permanent injunction addresses some of the same issues for which the Legislature has established requirements in section 25.152 of the Education Code. The Guild order provides, in relevant part:
 Now, therefore, it is ORDERED, ADJUDGED, and DECREED that the Houston Independent School District, its *Page 3 
 Trustees, agents, servants, and employees, be permanently enjoined as follows:
 1. From reading from the Holy Bible or any other religious work or book in conjunction with or as part of any school practice, ceremony, observance, exercise or routine, and from causing or permitting anyone to read from the Holy Bible or any other religious work or book in connection with any school practice, ceremony, observance, exercise or routine within the Houston Independent School District.
 2. From allowing, permitting, or requiring students of the Houston Independent School District to participate in the recitation of any prayer in connection with or as part of any school practice, ceremony, observance, exercise or routine.
Guild v. Houston Indep. Sch. Dist., No. 70-H-1102 (S.D. Tex. Dec. 28, 1970) (Guild order at pp. 3-4, attached to HISD Letter, supra note 1) (emphasis added).
You ask whether "the terms and requirements of the Guild permanent injunction issued by a United States District Court control to the extent of any conflict over the terms and requirements of House Bill 3678 [the SRLA]," or, in the alternative, the SRLA "supersedefs] or otherwise controls] to the extent of any conflict with the permanent injunction." HISD Letter, supra note 1, at 4. You also ask:
 If the terms and requirements of the Guild permanent injunction control to the extent of any conflict over the terms and requirements of House Bill 3678 [the SRLA], is the [HISD] authorized to adopt a policy that complies with the terms and requirements of the permanent injunction, but which may not comply with all terms and requirements of House Bill 3678 [the SRLA].
Id.
Although there are no relevant Texas cases, the highest court of Maryland has consistently held that "[a] permanent injunction is, as its name indicates, `an injunction final or permanent in its nature granted after a determination of the merits of the action.' But a permanent injunction is not `permanent' in the sense that it must invariably last indefinitely." State Comm'n on Human Relations v. Talbot County DetentionCenter, 803 A.2d 527, 539 (Md. 2002), citing El Bey v. Moorish Temple ofAm., Inc., 765 A.2d 132, 135 (Md. 2001). If it does not expire by its own terms, the trial court that issued the injunction retains authority to modify or dissolve the injunction based upon a change in the law or circumstances. See FED. R. Civ. P. 60(b) (specifying grounds for relief from a final judgment, order, or proceeding in federal court); UnitedStates v. Snepp, 897 F.2d 138, 141 (4th Cir. 1990), citing United Statesv. Swift Co., 286 U.S. 106 (193 2) ("A modification may be *Page 4 
granted where warranted by a change in the law or the circumstances.");see also City of San Antonio v. Singleton, 858 S.W.2d 411, 412 (Tex. 1993); cf Davenport v. City of Dallas, No. 05-05-00211-CV, 2006 WL 762844, at *2 (Tex.App.-Dallas Mar. 27, 2006, no pet.) (mem. op.) (indicating that a permanent injunction that expired of its own terms is no longer in existence).
Here, the Guild order does not specify a date of termination, and, according to your letter, the injunction has not been modified or vacated by the trial court having jurisdiction over the matter. Seegenerally Guild v. Houston Indep. Sch. Dist., No. 70-H-1102 (S.D. Tex. Dec. 28, 1970) Guild order attached to HISD Letter, supra note 1). Hence, the matter remains subject to the jurisdiction and review of theGuild court. This office generally does not address matters that are the subject of pending litigation. See Tex. Att'y Gen. Op. Nos. GA-0498
(2007) at 8, GA-0399 (2006) at 3 n. 5. In the present instance, the matter, while not in active litigation, is one that is subject to the continuing jurisdiction of a court. It is for that court to determine whether the SRLA poses any conflict with the court's order. Thus, we do not address your questions at this time. *Page 5 
 SUMMARY
The Houston Independent School District is under a permanent injunction issued by a federal district court in December, 1970. Because the matter is thus subject to the continuing jurisdiction of the federal court, this office will not determine whether certain terms of the injunction conflict with or prevail over certain provisions of the Schoolchildren's Religious Liberties Act, subchapter E, chapter 25 of the Texas Education Code.
Very truly yours,
 GREG ABBOTT, Attorney General of Texas
 KENT C. SULLIVAN, First Assistant Attorney General
 ANDREW WEBER, Deputy Attorney General for Legal Counsel
 NANCY S. FULLER, Chair, Opinion Committee
 RICK GILPIN, Assistant Attorney General, Opinion Committee
[1] Letter from Robert Scott, Commissioner of Education, to Honorable Greg Abbott, Attorney General of Texas (Sept. 11, 2007) (on file with the Opinion Committee, also available at http://www.oag.state.tx.us) [hereinafter Request Letter; see also Letter from David Thompson, Bracewell Giuliani, filed on behalf of Houston Independent School District, to Robert Scott, Acting Commissioner of Education (Aug. 24, 2007) (attachment to Request Letter with copy of court order, Guild v.Houston Indep. Sch. Dist.) [hereinafter HISD Letter].
[2] The Act also may be cited as the "Religious Viewpoints Antidiscrimination Act." See Act of May 26, 2007, 80th Leg, R.S, ch. 261, § 1, 2007 Tex. Gen. Laws 403, 403. *Page 1