ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 19, 2008

Mr. Robert Scott
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-0609

Re: Whether the Schoolchildren's Religious Liberties
Act, subchapter E, chapter 25 of the Education Code,
is circumscribed in the Houston Independent School
District by a 1970 permanent injunction issued by a
federal district court (RQ-0622-GA)

Dear Mr. Scott:

You ask whether the Schoolchildren's Religious Liberties Act (the "SRLA"), subchapter E, chapter 25 of the Education Code, is circumscribed in the Houston Independent School District ("HISD") by a permanent injunction issued in 1970 by a federal district court.[1]

The SRLA[2], enacted in 2007 by the Eightieth Legislature, requires a school district to "treat a student's voluntary expression of a religious viewpoint, if any, on an otherwise permissible subject in the same manner the district treats a student's voluntary expression of a secular or other viewpoint on an otherwise permissible subject and may not discriminate against the student based on a religious viewpoint expressed by the student on an otherwise permissible subject." TEX. EDUC. CODE ANN. § 25.151 (Vernon Supp. 2007); *see* Act of May 26, 2007, 80th Leg., R.S., ch. 261, 2007 Tex. Gen. Laws 403, 403–07. The SRLA provides for freedom of religious expression in class assignments and freedom to organize religious groups and activities. The statute also prescribes a model policy governing voluntary religious expression in public schools. *See* TEX. EDUC. CODE ANN. §§ 25.153– .154, .156 (Vernon Supp. 2007).

For purposes of the present inquiry, section 25.152 of the Education Code is particularly relevant:

---

[1]Letter from Robert Scott, Commissioner of Education, to Honorable Greg Abbott, Attorney General of Texas (Sept. 11, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter; *see also* Letter from David Thompson, Bracewell & Giuliani, filed on behalf of Houston Independent School District, to Robert Scott, Acting Commissioner of Education (Aug. 24, 2007) (attachment to Request Letter with copy of court order, *Guild v. Houston Indep. Sch. Dist.*) [hereinafter HISD Letter].

[2]The Act also may be cited as the "Religious Viewpoints Antidiscrimination Act." *See* Act of May 26, 2007, 80th Leg., R.S., ch. 261, § 1, 2007 Tex. Gen. Laws 403, 403.

> (a)  To ensure that the school district does not discriminate against a student's publicly stated voluntary expression of a religious viewpoint, if any, and to eliminate any actual or perceived affirmative school sponsorship or attribution to the district of a student's expression of a religious viewpoint, if any, a school district shall adopt a policy, which must include the establishment of a limited public forum for student speakers at all school events at which a student is to publicly speak. The policy regarding the limited public forum must also require the school district to:

> (1)  provide the forum in a manner that does not discriminate against a student's voluntary expression of a religious viewpoint, if any, on an otherwise permissible subject;

> (2)  provide a method, based on neutral criteria, for the selection of student speakers at school events and graduation ceremonies;

> (3)  ensure that a student speaker does not engage in obscene, vulgar, offensively lewd, or indecent speech; and

> (4)  state, in writing, orally, or both, that the student's speech does not reflect the endorsement, sponsorship, position, or expression of the district.

> (b)  The school district disclaimer required by Subsection (a)(4) must be provided at all graduation ceremonies. The school district must also continue to provide the disclaimer at any other event in which a student speaks publicly for as long as a need exists to dispel confusion over the district's nonsponsorship of the student's speech.

> (c)  Student expression on an otherwise permissible subject may not be excluded from the limited public forum because the subject is expressed from a religious viewpoint.

*Id.* § 25.152.

HISD is subject to a permanent injunction, entered by a federal district court on December 28, 1970, in the case of *Guild v. Houston Independent School District*. The permanent injunction addresses some of the same issues for which the Legislature has established requirements in section 25.152 of the Education Code. The *Guild* order provides, in relevant part:

> Now, therefore, it is ORDERED, ADJUDGED, and DECREED that the Houston Independent School District, its

Trustees, agents, servants, and employees, be permanently enjoined as follows:

1.  From reading from the Holy Bible or any other religious work or book in conjunction with or as part of any school practice, ceremony, observance, exercise or routine, and from causing or *permitting* anyone to read from the Holy Bible or any other religious work or book in connection with any school practice, ceremony, observance, exercise or routine within the Houston Independent School District.

2.  From *allowing, permitting,* or requiring students of the Houston Independent School District to participate in the recitation of any prayer in connection with or as part of any school practice, ceremony, observance, exercise or routine.

*Guild v. Houston Indep. Sch. Dist.,* No. 70-H-1102 (S.D. Tex. Dec. 28, 1970) (*Guild* order at pp.3–4, attached to HISD Letter, *supra* note 1) (emphasis added).

You ask whether "the terms and requirements of the *Guild* permanent injunction issued by a United States District Court control to the extent of any conflict over the terms and requirements of House Bill 3678 [the SRLA]," or, in the alternative, the SRLA "supersede[s] or otherwise control[s] to the extent of any conflict with the permanent injunction." HISD Letter, *supra* note 1, at 4. You also ask:

If the terms and requirements of the *Guild* permanent injunction control to the extent of any conflict over the terms and requirements of House Bill 3678 [the SRLA], is the [HISD] authorized to adopt a policy that complies with the terms and requirements of the permanent injunction, but which may not comply with all terms and requirements of House Bill 3678 [the SRLA].

*Id.*

Although there are no relevant Texas cases, the highest court of Maryland has consistently held that "[a] permanent injunction is, as its name indicates, 'an injunction final or permanent in its nature granted after a determination of the merits of the action.' But a permanent injunction is not 'permanent' in the sense that it must invariably last indefinitely." *State Comm'n on Human Relations v. Talbot County Detention Center,* 803 A.2d 527, 539 (Md. 2002), citing *El Bey v. Moorish Temple of Am., Inc.,* 765 A.2d 132, 135 (Md. 2001). If it does not expire by its own terms, the trial court that issued the injunction retains authority to modify or dissolve the injunction based upon a change in the law or circumstances. *See* FED. R. CIV. P. 60(b) (specifying grounds for relief from a final judgment, order, or proceeding in federal court); *United States v. Snepp,* 897 F.2d 138, 141 (4th Cir. 1990), citing *United States v. Swift Co.,* 286 U.S. 106 (1932) ("A modification may be

granted where warranted by a change in the law or the circumstances."); *see also City of San Antonio v. Singleton*, 858 S.W.2d 411, 412 (Tex. 1993); *cf Davenport v. City of Dallas*, No. 05-05-00211-CV, 2006 WL 762844, at *2 (Tex. App.—Dallas Mar. 27, 2006, no pet.) (mem. op.) (indicating that a permanent injunction that expired of its own terms is no longer in existence).

Here, the *Guild* order does not specify a date of termination, and, according to your letter, the injunction has not been modified or vacated by the trial court having jurisdiction over the matter. *See generally Guild v. Houston Indep. Sch. Dist.*, No. 70-H-1102 (S.D. Tex. Dec. 28, 1970) (*Guild* order attached to HISD Letter, *supra* note 1). Hence, the matter remains subject to the jurisdiction and review of the *Guild* court. This office generally does not address matters that are the subject of pending litigation. *See* Tex. Att'y Gen. Op. Nos. GA-0498 (2007) at 8, GA-0399 (2006) at 3 n.5. In the present instance, the matter, while not in active litigation, is one that is subject to the continuing jurisdiction of a court. It is for that court to determine whether the SRLA poses any conflict with the court's order. Thus, we do not address your questions at this time.

## S U M M A R Y

The Houston Independent School District is under a permanent injunction issued by a federal district court in December, 1970. Because the matter is thus subject to the continuing jurisdiction of the federal court, this office will not determine whether certain terms of the injunction conflict with or prevail over certain provisions of the Schoolchildren's Religious Liberties Act, subchapter E, chapter 25 of the Texas Education Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee