**VACATE; Opinion Filed May 23, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01115-CV

**PATRICK DAUGHERTY, Appellant**
**V.**
**HIGHLAND CAPITAL MANAGEMENT, L.P., Appellee**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-04005**

## MEMORANDUM OPINION
Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Schenck

Patrick Daugherty appeals the trial court's entry of a modified permanent injunction. In his first issue, Daugherty challenges the modified permanent injunction as overbroad and lacking in requisite specificity and clarity. In his second issue, Daugherty contends the trial court erred by modifying the original permanent injunction without the requisite showing of changed circumstances. In his third issue, Daugherty argues the trial court lacked jurisdiction to modify the original permanent injunction. We vacate the trial court's order modifying the original permanent injunction. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

The underlying conflict that led to this current dispute has been described in multiple opinions.[1] Accordingly, we will limit our recitation to the facts necessary to resolve this current dispute.

Daugherty resigned from his employment with appellee Highland Capital Management, L.P. ("Highland") in 2011. Highland brought suit against Daugherty in the 68th Judicial District Court of Dallas County and, in 2014, obtained a jury verdict against him for breaches of contract and fiduciary duty. The trial court entered judgment on the verdict and issued a permanent injunction ("Original Injunction") barring Daugherty from using or disseminating Highland's confidential information. Since that time, Highland brought additional actions against Daugherty for alleged violations of the Original Injunction, and the trial court found violations and entered criminal contempt orders, which were reversed or vacated on appeal.[2]

In 2016, Highland learned Daugherty had been in contact with an investigative reporter for the Wall Street Journal ("Journal"), and in October of that year, the Journal published an article covering various lawsuits against Highland Capital.[3] Highland sought the issuance of a new order modifying or supplementing the Original Injunction to require Daugherty to self-report within 48 hours to Highland and the trial court any violations of the Original Injunction. On March 10, 2017,

---

[1] *In re Daugherty*, 558 S.W.3d 272 (Tex. App.—Dallas 2018, orig. proceeding) (granting Daugherty's petition for writ of mandamus and directing trial court to vacate order granting Highland's motion to compel and denying Daugherty's motion to quash); *In re Daugherty*, No. 05-17-01129-CV, 2018 WL 3031705 (Tex. App.—Dallas June 19, 2018, orig. proceeding) (granting Daugherty's writ of habeas corpus to vacate criminal contempt order); *In re Daugherty*, No. 05-18-00290-CV, 2018 WL 3031658 (Tex. App.—Dallas June 19, 2018, orig. proceeding) (granting Daugherty's petition for writ of mandamus and directing trial court to vacate order granting Highland's motion for sanctions); *Daugherty v. Highland Capital Mgmt., L.P.*, No. 05-14-01215-CV, 2016 WL 4446158 (Tex. App.—Dallas Aug. 22, 2016, no pet.) (appeal of 2014 trial judgment in favor of Highland); *Highland Capital Mgmt., LP v. Looper Reed & McGraw, P.C.*, No. 05-15-00055-CV, 2016 WL 164528, at *1 (Tex. App.—Dallas Jan. 14, 2016, pet. denied) (affirming trial court's judgment against Highland in its suit against Daugherty's counsel); *Highland Capital Mgmt., L.P. v. Daugherty*, No. 05-14-01215-CV, 2014 WL 6559001 (Tex. App.—Dallas Oct. 22, 2014, no pet.) (denial of Highland's motion to increase Daugherty's supersedeas bond).

[2] *See In re Daugherty*, No. 05-17-01129-CV, 2018 WL 3031705 (Tex. App.—Dallas June 19, 2018, orig. proceeding) (granting Daugherty's writ of habeas corpus to vacate criminal contempt order); *In re Daugherty*, No. 05-18-00290-CV, 2018 WL 3031658 (Tex. App.—Dallas June 19, 2018, orig. proceeding) (granting Daugherty's petition for writ of mandamus and directing trial court to vacate order granting Highland's motion for sanctions).

[3] For further detail regarding Highland's attempts to seek discovery from the Journal and its publisher, see *Dow Jones & Co., Inc. v. Highland Capital Mgmt., L.P.*, 564 S.W.3d 852, 853–54 (Tex. App.—Dallas 2018, pet. filed).

the trial court signed an order granting that relief. On March 23, 2017, the trial court signed an amended order requiring Daugherty to self-report violations of the Original Injunction and prohibiting all parties from engaging in ex parte communications.[4] On June 23, 2017, the trial court signed the Second Amended Order Requiring Patrick Daugherty to Self-Report Violations of the Permanent Injunction and Prohibiting Ex Parte Communications with the Court ("Modified Permanent Injunction"), which required Daugherty to self-report violations of the Original Injunction, prohibited ex parte communications, and added a statement that the Modified Permanent Injunction superseded the March 10 and March 23 orders. Approximately one month later, Daugherty filed a motion to reconsider and vacate or set aside the Modified Permanent Injunction, which was overruled by operation of law. Daugherty then filed his notice of appeal of the Modified Permanent Injunction.

## DISCUSSION

Trial courts have broad discretion in the enforcement of their judgments. *Rose v. Bonvino*, No. 05-14-00702-CV, 2015 WL 4736837, at *2 (Tex. App.—Dallas Aug. 11, 2015, pet. denied). We review the trial court's order using an abuse of discretion standard. *Id.* The test for abuse of discretion is whether the court acted without reference to guiding rules and principles. *Id.*

In his first issue, Daugherty challenges the Modified Permanent Injunction, which contains the same language as the Original Injunction, as overbroad and lacking in requisite specificity and clarity and thus requests this Court vacate the Modified Permanent Injunction and the challenged language from the Original Injunction.

A trial court generally retains jurisdiction to review, open, vacate, or modify a permanent injunction upon a showing of changed conditions. *Smith v. O'Neill*, 813 S.W.2d 501, 502 (Tex.

---

[4] The order indicates the prohibition on ex parte communications stemmed from "Daugherty having recently approached the Court at a public venue" without his counsel or the other parties present. The record contains a docket entry that the trial court "[d]isclosed ex parte communication that Mr. Daugherty attempted with the court while on vacation. Informed parties to amend Permanent injunction."

1991).  The authority to exercise that jurisdiction, however, must be balanced against principles of finality and res judicata.  *See System Fed'n No. 91 v. Wright*, 364 U.S. 642, 647–48 (1961); *see also Rose*, 2015 WL 4736837, at \*2.  Whether right or wrong, an injunction is not subject to impeachment in its application to the conditions that existed at its making.  *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932).

Res judicata bars the relitigation of claims that have been finally adjudicated or that could have been litigated in the prior action.  *Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 750 (Tex. 2017).  Here, Daugherty attempts to challenge the language of the Original Injunction by virtue of the fact that the trial court incorporated it into the Modified Permanent Injunction.  Daugherty has previously appealed the trial court's judgment and challenged the Original Injunction.  *See Daugherty v. Highland Capital Mgmt., L.P.*, No. 05-14-01215-CV, 2016 WL 4446158 (Tex. App.—Dallas Aug. 22, 2016, no pet.).  He did not in the trial court or on appeal challenge the language of the Original Injunction as overbroad and lacking in requisite specificity and clarity.  *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (holding res judicata requires party prove (1) prior final determination on merits by court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) second action based on same claims as were or could have been raised in first action).

Daugherty responds that res judicata cannot bar this issue because it is an affirmative defense that Highland failed to raise below.  *See* TEX. R. CIV. P. 94 (requiring res judicata and other affirmative defenses be pleaded); *MAN Engines & Components, Inc. v. Shows*, 434 S.W.3d 132, 137 (Tex. 2014) (requiring affirmative defenses be pleaded in trial court to avoid waiver on appeal).  However, Highland is not a party asserting a defense against Daugherty's claim for relief.  *Cf.* TEX. R. CIV. P. 94.

Additionally, Daugherty asserts that the Modified Permanent Injunction implicitly vacates or supersedes the Original Injunction, thus making it void as a matter of law and therefore unable to support res judicata. Daugherty relies on *SLT Dealer Group, Ltd. v. AmeriCredit Financial Services, Inc.* for the proposition that any change in a judgment made during the trial court's plenary power is treated as a modified or reformed judgment that implicitly vacates and supersedes the prior judgment, unless the record indicates a contrary intent. 336 S.W.3d 822, 832 (Tex. App.—Houston [1st Dist.] 2011, no pet.). We find this authority inapposite as the trial court entered the Modified Permanent Injunction after the expiration of its plenary power and because the record clearly indicates the trial court intended merely to add a requirement for Daugherty to self-report violations of the Original Injunction and a prohibition on all ex parte communications.

We overrule Daugherty's first issue.

In his second issue, Daugherty contends the trial court erred by modifying the Original Injunction without the requisite showing of changed circumstances. Highland counters that changed circumstances were not required for the trial court to enter the Modified Permanent Injunction because the additional requirements were necessary to enforce the Original Injunction.

Even without a showing of changed circumstances, a trial court not only may but must enforce its own judgments. *Rose*, 2015 WL 4736837, at *3 (citing TEX. R. CIV. P. 308 ("The court shall cause its judgments and decrees to be carried into execution . . . .")). Enforcement of a court order involves a motion or pleading in which a party seeks as relief from the court the exercise of the court's power to compel compliance with the order or punish noncompliance typically using the threat of the court's power to impose sanctions or hold a party in contempt. *Stauffer v. Nicholson*, 438 S.W.3d 205, 211 (Tex. App.—Dallas 2014, no pet.) (citations omitted) (analyzing whether appellant consented to jurisdiction). This is consistent with the plain, ordinary, and generally accepted meaning of "enforce," which is "requiring operation, observance, or protection

of . . . orders, contracts, and agreements by authority . . . ." *Id.* (citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 751 (1981)). In keeping with its general power to enforce its judgment by suitable methods, a trial court possesses the inherent power to modify final injunctive orders as part of its continuing jurisdiction to enforce a judgment or accommodate materially changed conditions relative to enforcement. *Rose*, 2015 WL 4736837, at \*3.

Here, the changes made to the Original Injunction were to add requirements to (1) "self-report within 48 hours to Highland and the Court any violation of the Permanent Injunction . . ." and (2) prohibit any party "to engage in any ex parte communication with the Court of any kind." The first requirement adds an additional obligation on Daugherty that does not appear to enforce the judgment so much as simply to add to his obligations under the Original Injunction. As for the second requirement, while it's true that there was evidence that Daugherty engaged in an ex parte communication with the trial court judge at a public venue, there is nothing in the record or arguments made to the trial court or this Court that such prohibition was somehow necessary to enforce the Original Injunction. We conclude the trial court abused its discretion by entering the foregoing requirements as an exercise of its authority to enforce its judgment and now address whether Highland established changed conditions sufficient to support the court's reopening of the final judgment for purposes of adding to its injunction. *See Rose*, 2015 WL 4736837, at \*3.

A trial court generally retains jurisdiction to review, open, vacate, or modify a permanent injunction upon a showing of changed conditions. *City of San Antonio v. Singleton*, 858 S.W.2d 411, 412 (Tex. 1993). Where there is no evidence in the record that conditions affecting the trial court's judgment have changed since the time it was originally rendered, post-judgment modifications are beyond the trial court's authority. *Id.*

Changed circumstances are conditions that altered the status quo existing after the injunction was granted or that made the injunction unnecessary or improper. *In re Guardianship*

*of Stokley*, No. 05-10-01660-CV, 2011 WL 4600428, at \*3 (Tex. App.—Dallas Oct. 6, 2011, no pet.). Changed circumstances may include an agreement of the parties, newly revealed facts, or a change in the law that make the temporary injunction unnecessary or improper. *Id.* As time marches on, one would expect that the urgency that warranted injunctive relief originally will abate, suggesting, generally if not inexorably, that changed circumstances will usually require the court's removing or lifting permanent injunctive terms. *See Smith*, 813 S.W.2d at 502 (holding trial court generally retains jurisdiction to vacate permanent injunction upon showing of changed conditions).

Here, Highland requested the trial court issue a new order to "encourage Mr. Daugherty's Compliance with the Permanent Injunction, and Facilitate the Monitoring of That Compliance by Highland and this Court." In its reply to Daugherty's response to its motion, Highland argued the circumstances had changed since the Original Injunction was entered in 2014 because Highland had learned that Daugherty had spoken to a Journal reporter in 2016. Highland offered no evidence that Daugherty had actually divulged any confidential information to the reporter in violation of the Original Injunction. Instead, Highland argued that Daugherty's ability to speak to reporters who could then rely on Texas's "Reporter Shield Law"[5] protections to refuse to reveal the subject of those conversations was a circumstance not contemplated at the time the permanent injunction was originally entered.

However, as noted above, a trial court's authority to modify must be balanced against principles of finality and res judicata. *See Wright*, 364 U.S. at 647–48. There is nothing in Highland's argument or evidence that constitutes a material change in circumstances since the entry of the Original Injunction. To the contrary, in this Court's opinion in which we reviewed the Original Injunction, we stated "There was evidence Daugherty divulged confidential

---

[5] *See* TEX. CIV. PRAC. & REM. CODE §§ 22.021-22.027.

information to the press." *Daugherty v. Highland Capital Mgmt., L.P.*, No. 05-14-01215-CV, 2016 WL 4446158, at *5 (Tex. App.—Dallas Aug. 22, 2016, no pet.). A permanent injunction is a unique form of final judgment, but it must still be treated as final—not a mere invitation to perpetual, accretive expansion and fine-tuning. *E.g., Singleton*, 858 S.W.2d at 412.

We conclude the trial court abused its discretion in entering the Modified Permanent Injunction as there was no evidence of changed circumstances to support modification of the Original Injunction. Accordingly, we sustain Daugherty's second issue.

In his third issue, Daugherty argues in the alternative that the trial court lacked jurisdiction to modify the Original Injunction. We have already sustained Daugherty's second issue, and the supreme court has held that a trial court generally retains jurisdiction to review, open, vacate, or modify a permanent injunction upon a showing of changed conditions. *See Singleton*, 858 S.W.2d at 412. Thus, we need not address this issue any further. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

We vacate the trial court's June 23, 2017 Second Amended Order Requiring Patrick Daugherty to Self-Report Violations of the Permanent Injunction and Prohibiting Ex Parte Communications with the Court.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

171115F.P05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PATRICK DAUGHERTY, Appellant

No. 05-17-01115-CV          V.

HIGHLAND CAPITAL MANAGEMENT, L.P., Appellee

On Appeal from the 68th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-12-04005.
Opinion delivered by Justice Schenck, Justices Osborne and Reichek participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's June 23, 2017 Second Amended Order Requiring Patrick Daugherty to Self-Report Violations of the Permanent Injunction and Prohibiting Ex Parte Communications with the Court.

It is **ORDERED** that appellant PATRICK DAUGHERTY recover his costs of this appeal from appellee HIGHLAND CAPITAL MANAGEMENT, L.P.

Judgment entered this 23rd day of May 2019.