ACCEPTED
01-15-00685-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/10/2015 2:07:45 PM
CHRISTOPHER PRINE
CLERK

No. _____

| | | |
|---|---|---|
| **In re Williams,** | § | **In the Court of Appeals** |
| | § | **First Judicial District** |
| **Relator** | § | **Houston, Texas** |

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/10/2015 2:07:45 PM
CHRISTOPHER A. PRINE
Clerk

### Relator's Motion for Emergency Temporary Relief

Relator asks this Court for emergency temporary relief to stay the trial court's order so the writ of income withholding may be reinstated pending the trial court conducting an evidentiary hearing to determine the remaining balance on the judgment for child support arrearages, attorney's fees and court costs.

### Introduction

Relator is Amy Williams, child support obligee. Respondent is the Honorable Sheri Y. Dean, Judge of the 309th Judicial District Court of Harris County, Texas. Real Party in Interest is Harold Holmes, child support obligor.

Amy files her *Petition for Writ of Mandamus* concurrently with this *Motion for Emergency Temporary Relief* and incorporates the petition and its exhibits herein as if recited verbatim. Citations to an item in the appendix may be found in the appendix to the *Petition for Writ of Mandamus*.

This Court may grant temporary relief pending its determination of an original proceeding. Tex. R. App. P. 52.10(b).

This emergency stay is necessary to preserve Amy's vested child support rights which were previously affirmed by this Court, to maintain the status quo of the parties and to preserve this Court's jurisdiction to consider the mentis of the original proceeding. *In re Reed*, 901 S.W.2d 604, 609 (Tex. App.–San Antonio 1995, orig. proceeding).

Amy attaches a certificate of compliance certifying that on August 10, 2015, she notified Respondent and Obligor Holmes by email and/or fax that a motion for temporary relief would be filed. Tex. R. App. P. 52.10(e).

Amy attaches the affidavit of her attorney to establish facts that are not included in the appellate record and are not known to this Court in its official capacity. *Id.* 10.2.

**Facts Supporting Emergency Temporary Relief**

On October 1, 2009, the trial court signed the *Final Reformed Order* adjudicating Obligor Holmes' total child support arrearages as of June 19, 2009, were $55,486.78, comprising $49,934.70 in unpaid support, $5,000.00 in attorney's fees, $552.08 in court costs and conditional appellate fees of $3,000.00. (App. 1). Obligor Holmes appealed that order. On May 19, 2011, this Court issued its opinion affirming the trial court's judgment. (App. 2). In its opinion, this Court stated the trial court granted Amy a "Judgment for the total amount of child-support arrearages, including

accrued interest, attorney fees and court costs." *Id.* at 217. Pursuant to the judgment granted by the trial court and affirmed by this Court, Amy issued a writ of income withholding to collect child support, attorney's fees and court costs.

On April 13, 2015, Obligor Holmes asked Respondent to terminate the writ of income withholding even though his own pleadings admit the judgment entered on October 1, 2009, and affirmed by the this Court on May 19, 2011, remains unsatisfied. (App. 3). Obligor Holmes' *Third Supplemental Motion to Confirm Child Support Arrearage and Terminate Income Withholding* expressly admits he "now owes $526.41" and admits he has never paid the court-ordered attorney's fees and costs this Court affirmed and that he owes under the Judgment. (App. 4, 5). Without conducting a hearing or receiving evidence of any kind, Respondent granted Obligor Holmes' request and terminated the writ of withholding. (App. 8).

Amy has a vested child support right in the writ of income withholding and monthly payments upon which she relies. Pursuant to the Texas Family Code, the writ of income withholding remains effective until all child support, court-ordered attorney's fees and costs are paid. Tex. Fam. Code Ann. §158.102 (West 2014). Because Obligor Holmes admittedly still owes "child support arrearages, interest, and . . . ordered attorney's fees and court costs," Respondent had no authority to withdraw the writ on July 28, 2015. *Id.*; *In the Interest of T.L.*, 316 S.W.3d 78, 88 (Tex.

App.–Houston [14th Dist.] 2010, pet. denied).

This is not the first time Obligor Holmes has sought to terminate or suspend the writ of income withholding. While this case was originally on appeal, Obligor Holmes filed a *Motion to Suspend Judgment and for Remittitur*, arguing the trial court lacked jurisdiction to grant a judgment for child support arrearages, attorney's fees and court costs. This was a case of first impression and Justice Alcala initially agreed and signed the *Order Suspending Judgment* on July 7, 2010. (App. 11).

Amy then filed a *Motion to Reconsider* in this Court, arguing the trial court did have jurisdiction to grant a judgment for unpaid child support, attorney's fees and court costs and arguing the writ of income withholding should be reinstated and the withheld funds should be deposited into the registry of the trial court until the resolution of the appeal. On August 6, 2010, Justice Alcala signed the *Order* withdrawing the *Order Suspending Judgment*, reinstating the writ of income withholding and ordering that all withheld funds be deposited into the trial court's registry pending the resolution of the appeal. (App. 12).

The precedent Justice Alcala set in this case by withdrawing the *Order Suspending Judgment* is incredibly important to this *Motion for Emergency Temporary Relief*. Since the judgment was in force, as it is in this case, the only appropriate solution was to order the withheld funds be deposited into the trial court's

registry. Even when this Court thought the trial court may have lacked jurisdiction to grant a child support arrearage judgment–which would essentially have meant Obligor Holmes owed $0.00 in child support arrearages, attorney's fees and court costs–this Court still ordered the writ of income withholding continue and the garnished wages be deposited in the registry.

Here, it is beyond dispute Obligor Holmes has not satisfied the child support arrearage, court ordered attorney's fees and costs. (App. 4, 5, 7, 8). Therefore, if this Court thought it was improper to terminate the writ of income withholding when it questioned, but ultimately affirmed, the trial court's jurisdiction to award child support arrearages, attorney's fees and costs, then it is without a doubt improper to terminate the writ of income withholding when Obligor Holmes *admits* he has not fully paid the child support arrearage, court-ordered attorney's fees and costs.

### Necessity for Emergency Temporary Relief

The necessity for this *Motion for Emergency Temporary Relief* stems from Respondent's order terminating the writ of income withholding. On July 28, 2015, both parties' motions were set for a hearing to determine the remaining balance of the unpaid judgment for child support arrearages, attorney's fees and court costs. (App. 8). After the call of the docket, all counsel in our case were called to the bench for an off-the-record conference with the lawyers only. *Id.* Respondent advised us she would

not be able to hear any of the matters before the trial court in our case and the case would have to be reset to October 2, 2015. *Id.*

During the bench conference, Obligor Holmes' counsel stated to the trial court it was her belief the arrearages for monthly periodic support only would be overpaid by the reset date. *Id.* No evidence of any kind was taken by Respondent or offered by Obligor Holmes. *Id.* Obligor Holmes' counsel then asked Respondent to withdraw the writ of income withholding that had been issued pursuant to the judgment entered on October 1, 2009, and affirmed by this Court on May 19, 2011. *Id.* The writ of income withholding was a vested child support right of Amy. Without the introduction of any evidence and without conducting a hearing, Respondent terminated the writ of income withholding until October 2, 2015. *Id.* The monthly support that Amy had been receiving and counted on for six years vanished. It is imperative the writ of income withholding be immediately reinstated as Obligor Holmes' next two paydays are August 15 and September 1, 2015.

On July 29, 2015, Amy filed a *Motion to Deny Entry of Order and Motion to Reconsider Withdrawal of Writ of Income Withholding* requesting that her motion be set before the entry of any order. (App. 9). Respondent did not do so. On July 31, 2015, without notice, the form ordering withdrawal of the writ of income withholding was signed. (App. 10, 13). No evidence of any kind was presented by the Obligor

Holmes before the writ was terminated nor did Respondent conduct a hearing. (App. 8). Respondent has not set a hearing on the motion to reconsider.

The writ of income withholding was Amy's vested child support right affirmed by this Court and Respondent terminated it without the introduction of any evidence and without conducting a hearing. This was improper. It is well-settled law a trial court cannot limit the enforcement of a child support judgment. *In re Dryden*, 52 S.W.3d 257, 263 (Tex. App.–Corpus Christi 2001, no pet.). Further, it is well-settled law a writ of income withholding to enforce a judgment for child support arrears and/or a child support lien to enforce a judgment on arrears cannot be withdrawn by the trial court unless and until there is an evidentiary hearing determining that no further sums are owed pursuant to the judgment. *In the Interest of T.L.*, 216 S.W.3d at 88; *In the Interest of C.D.E.*, No. 14-14-00086-CV; 2015 Tex. App. LEXIS 673, *8-9 (Tex. App.–Houston [14th Dist.] January 27, 2015, no pet.); Tex. Fam. Code Ann. §§157.318 (West 2014); 158.102.

Obligor Holmes' live pleading–his *Third Supplemental Motion to Confirm Child Support Arrearage and Terminate Income Withholding*–states he owes $526.41 in monthly periodic support and further admits the court-ordered attorney's fees and court costs that were affirmed by this Court were not included in his calculations. (App. 5)(stating "Amount applied to attorney's fees and costs: $0.00"). In her

pleadings, Amy asserts the total amount unpaid on the judgment is $15,353.68 as of May 27, 2015, which consists of monthly periodic child support arrearages in the amount of $3,964.68 and arrearages for court-ordered attorney's fees and court costs in the amount of $11,389.00 (App. 7, Exhibit D). However, it is undisputed, and Obligor Holmes' live pleading admits, that each element of the judgment–i.e., monthly periodic child support, court-ordered attorney's fees and court costs–remains unpaid.

> The Texas Family Code §158.102 unambiguously provides,
>
> An order or writ of income withholding under this chapter may be issued **until all current support and child support arrearages, interest, and any applicable fees and costs, including ordered attorney's fees and court costs, have been paid**.

Tex. Fam. Code Ann. §158.102 (emphasis added). Nothing in this section nor any other portion of the Family Code grants Respondent the power to eliminate the writ of income withholding while Obligor Holmes admittedly still owes arrearages, ordered attorney's fees and costs. *See id*. §158.001 *et seq*.

Interpreting substantively identical language in Texas Family Code §157.318 regarding child support liens– providing "a lien is effective **until all current support and child support arrearages, including interest, any costs and reasonable attorney's fees . . . have been paid**"–the Fourteenth Court of Appeals concluded a

trial court could not terminate a child support lien because "the statute **does not provide an option authorizing the trial court to vacate or terminate** a lien when arrearages are due and owing." *In the Interest of C.D.E.*, 2015 Tex. App. LEXIS 673, *8-9 (emphasis added). The same clearly holds true for a writ of income withholding, which is an additional "enforcement" remedy under Chapter 158 and which contains the exact same language. There exists no provision or right to terminate a writ of income withholding when arrearages are owed. *In the Interest of T.L.*, 316 S.W.3d at 88 ("[T]he mere fact of an obligor's dispute–without a determination of arrearages in his favor–does not invalidate the . . . writ" and it cannot be withdrawn until there is evidence showing there are no arrearages owed).

As stated, Obligor Holmes' *Third Supplemental Motion to Confirm Child Support Arrearage and Terminate Income Withholding* expressly admits he "now owes $526.41" and admits that he has never paid the court-ordered attorney's fees and costs that he owes under the Judgment. (App. 5). Because Obligor Holmes admittedly still owes "child support arrearages, interest, and . . . ordered attorney's fees and court costs," Respondent had no authority to withdraw the writ on July 28, 2015. Additionally, even Obligor Holmes' live pleading suggests the payments on the writ of income withholding should be placed in the registry of the trial court. (App. 4).

Respondent deprived Amy of her vested child support rights and deprived her of due process under the Constitutions of Texas and the United States by terminating the writ of income withholding without conducting a hearing and without receiving evidence. The writ of income withholding was entered pursuant to the trial court's judgment and affirmed by this Court. The writ had been paying for six years. Amy had a vested child support right in the writ of income withholding and the monthly income on which she relied. She could not be constitutionally deprived of her vested child support right without an evidentiary hearing. *Eli Lilly Land Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992); *Smith v. O'Neill*, 813 S.W.2d 501, 502 (Tex. 1991). This was a clear abuse of discretion for which there is no adequate remedy at law.

Respondent violated the Texas Family Code by terminating the writ of withholding without conducting an evidentiary hearing to determine whether Obligor Holmes has fully paid all child support arrearages, interest, attorney's fees and court costs. *See*, Tex. Fam. Code Ann. §158.102; *In the Interest of T.L.*, 316 S.W.3d at 88. Therefore, Amy has no option but to ask this Court for an emergency order for Respondent to reinstate the writ of income withholding until the evidentiary hearing is held to determine if child support arrearages, court-ordered attorney's fees and court costs remain unpaid. In the alternative, Amy requests this Court to order all withheld funds be deposited into the trial court's registry until an evidentiary hearing

is held. As Amy argued five years ago to this Court, the wages and earnings of Obligor Holmes for each pay period the writ is terminated will never again be able to be captured by the writ and will result in a loss of funds that would otherwise be available and applied to the unpaid child support arrearages. The same principle that Justice Alcala applied in her ruling applies today. The writ of income withholding should remain in place and Amy's vested child support rights be preserved.

## Conclusion

Respondent violated Amy's due process rights and the Texas Family Code when it terminated her vested right to enforce her judgment for child support arrearages, attorney's fees and court costs without conducting a hearing or receiving evidence of any kind as to the amounts still owed under the judgment. Amy seeks relief from this Court to reinstate the writ of income withholding until an evidentiary hearing occurs or, in the alternative, to reinstate the writ and order all withheld funds be deposited into the registry of the trial court until an evidentiary hearing is held and the case is finally decided.

## Prayer

For the reasons stated in this motion, Amy asks this Court for emergency temporary relief to preserve her vested child support rights, maintain the status quo of the parties and preserve the Court's jurisdiction to consider the merits of her

original proceeding. It is imperative the writ of income withholding be reinstated because Obligor Holmes' next two paydays are August 15 and September 1, 2015.

Respectfully submitted,

**Sinkin Law Firm**
105 West Woodlawn Avenue
San Antonio, Texas 78212
Telephone (210) 732-6000
Telecopier (210) 736-2777

By:   /s/ Steven A. Sinkin
**Steven A. Sinkin**
State Bar No. 18438700
ssinkin@sinkinlaw.com
**Andrew Ross**
State Bar No. 24070529
aross@sinkinlaw.com
**Stett Matthew Jacoby**
State Bar No. 24041175
sjacoby@sinkinlaw.com
**Attorneys for Relator, Amy Williams**

## Certificate of Compliance

Under Texas Rule of Appellate Procedure 52.10(a), I certify that on August 10, 2015, I notified the Honorable Sheri Y. Dean of the 309th Judicial District Court of Harris County, Texas, by calling her court and notifying her staff the motion for temporary relief will be filed and by sending Judge Dean a copy by overnight mail. I also certify that on August 10, 2015, I notified Harold Holmes that a motion for temporary relief had been filed by fax and email.

<u>/s/ Steven A. Sinkin</u>
**Steven A. Sinkin**

Honorable Sheri Y. Dean
Judge, 309th Judicial District Court of Harris County, Texas
201 Caroline, 16th Floor
Houston, Texas 77002
Respondent
via phone call and overnight mail

Lauren E. Waddell
Fullenweider Wilhite
4265 San Felipe Street, Suite 1400
Houston, Texas 77027
Attorney for Harold Holmes, Real Party in Interest
via fax and email