## UVALDE PAVING CO. v. KENNEDY.
### (No. 559.)

Court of Civil Appeals of Texas. Waco. Dec. 19, 1929.

White & White, of Mexia, and Holland, Bartlett, Thornton & Chilton, of Dallas, for appellant.

C. S. & J. E. Bradley, of Groesbeck, for appellee.

BARCUS, J. The original opinion written in this cause is withdrawn, and this opinion is substituted in lieu thereof.

In 1922, appellant paved a number of streets in the city of Mexia; among others being the street in front of property owned and occupied by appellee as her homestead. In 1925 suit was brought by the city of Mexia and appellant herein to recover $1,187.19 due for said paving and to foreclose the lien against appellee's property. On May 4, 1925, a judgment was rendered in said cause, awarding appellant a personal judgment against appellee for the $1,187.19, but denying it any lien upon said property on the ground that same was at the time the lien was attempted to be fixed, as well as at the time of trial, the homestead of appellee. From said judgment there was no appeal.

On August 13, 1925, appellant had an execution issued on the judgment which it had obtained in May, 1925, and levied same upon the property on which it had in the former suit attempted to fix the paving lien. Appellee institued this suit to enjoin the sale of said property under said execution on the grounds: (1) That, since the former judgment decreed that the property was at the time of the paving as well as at the time of said trial the homestead of appellee, the judgment of the trial court so holding was res adjudicata of said matters, and that by reason thereof appellant was not entitled to have said property sold under execution issued thereon; (2) that said property was at the time of the levy of said execution and at the time of trial of this cause still the homestead of appellee, and therefore not subject to execution.

The cause was tried to the court, and resulted in a permanent injunction being granted against appellant, restraining it from selling the property in question under said execution, as well as restraining it from selling said property under any execution that might thereafter be issued on said judgment.

It appears that the property in question was purchased by Mrs. Kennedy after the death of her husband. After she purchased same, she and her minor children occupied the property as their homestead, and continued to and were so occupying same at the time the paving lien was attempted to be fixed on said property. Prior to August 16, 1923, appellee's youngest child became of age and on said date she married. After said marriage ap-

pellee, without any other constituent member of the family, continued to occupy said property as her homestead, and in said manner was so occupying same in May, 1925, when the original judgment denying appellant a paving lien on the property was rendered, and at the time the execution was issued on August 13, 1925, sale under which is by this proceeding sought to be enjoined, and was so occupying same at the time this cause was tried.

Appellant contends that, since appellee's children had all married and since the property was acquired by her after her husband's death, same ceased to be her homestead upon the dissolution of her family. This contention has been definitely settled and determined against appellee by the Supreme Court, in the case of Woods v. Alvarado State Bank, 19 S.W.(2d) 35, in which case said court held that, when a surviving spouse had acquired a homestead while the head of a family, either before or after the death of the other spouse, same continued to be exempt from sale under execution so long as it was occupied by the survivor as a homestead, regardless of whether the family had been dissolved.

While appellant does not specifically complain of that portion of the judgment which perpetually enjoins it from having an execution issued on its judgment against appellee and levied on said property, it does complain of said injunction as a whole, and we think the order in said respect is too broad. If as a matter of fact appellee should in the future abandon said property as a homestead and said judgment should then be in full force and effect, appellant should not by this judgment be barred from showing said fact or be enjoined from having an execution issued on its original judgment and have the property involved in this litigation, after it ceased to be a homestead, sold under execution. 32 C. J. 378 lays down the rule as follows: "The injunction should not be so broad as to prevent defendant from exercising his rights, or rights that he may acquire in the future."

While the question is not directly before us, we do not wish to be understood as holding that, if appellant had not appealed from said perpetual injunction as issued, that if conditions in the future should arise which cause the property to cease to be the homestead of appellee, the trial court could not then, under proper application therefor, modify or set aside the injunction previously rendered. 32 C. J. 389 lays down the doctrine that: "A final decree awarding an injunction will not be opened except on good cause shown. However, the court which rendered a decree for an injunction may, without even any statutory authority to do so, open, vacate or modify the same where the circumstances and situation of the parties are shown to have so changed as to make it just and equitable to do so."

To the same effect is the doctrine announced in 16 Am. & Eng. Ency. of Law (2d Ed.) 431, where the following language is used: "Where an injunction can no longer subserve any useful purpose because the grounds on which it was granted no longer exist, or because of matters which have occurred since it was granted, it will be dissolved."

In order that no question may arise in the future with reference to the injunction that was granted by the trial court in this cause, the same is so modified as to eliminate from said judgment the words, "or other process issued out of this court and based upon the judgment in said cause No. 4680–B * * * or to be issued out of this court on said judgment."

Appellant not having specifically complained in the trial court or in this court about the permanency of said injunction, and this court having on its own motion modified same, all costs of this court are adjudged against appellant. Dincans v. Keerah (Tex. Civ. App.) 192 S. W. 603.

Appellee's motion for rehearing is granted. The judgment of the trial court is reformed as above indicated, and, as reformed, is in all things affirmed.