The CITY OF TYLER et al., Plaintiffs in Error,

v.

ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS et al., Defendants in Error.

No. A–11260.

Supreme Court of Texas.

July 20, 1966.

Troy Smith, Tyler, for plaintiffs.

Roy P. Cosper and Clyde W. Fiddes, Ramey, Brelsford, Flock & Devereux, Tyler, Jackson, Walker, Winstead, Cantwell & Miller, D. L. Case, Dallas, for defendants.

CALVERT, Chief Justice.

This is an original proceeding in this Court in the form of a motion to vacate, modify or suspend a judgment entered in 1906 in City of Tyler v. St. Louis Southwestern Ry. Co. of Texas, 99 Tex. 491, 91 S.W. 1. The proceeding is dismissed for want of jurisdiction.

In 1902 the City of Tyler and three of its residents, Johanah Pabst, W. H. Cousins and Sue Cousins, instituted a suit in the District Court of Smith County, Texas, in which they sought to enjoin St. Louis Southwestern Railway Company of Texas, movant here, from removing its general offices, machine shops and roundhouses from the City of Tyler. The trial court issued a temporary writ of injunction; but after a trial on the merits, the Court dissolved the temporary injunction and denied all relief sought. The judgment provided, however, that the temporary injunction should remain in force pending an appeal upon the filing by the plaintiffs of a proper supersedeas bond. The bond was filed.

The Court of Civil Appeals affirmed the judgment of the trial court. 87 S.W. 238 (1905). This Court reversed the judgments of the Court of Civil Appeals and trial court and proceeded to render the judgment which the trial court should have rendered, and decreed:

"* * * it is ordered adjudged and decreed that the plaintiffs in error * * recover Judgment against defendant in error, the St. Louis Southwestern Railway Company of Texas, that said St. Louis Southwestern Railway Company of Texas, Shall Keep and maintain in said City of Tyler * * * its general offices, and shall Keep and maintain in said City its machine shops and it is further ordered, adjudged and decreed that the injunction heretofore granted on to wit; April 20th 1902, by the Judge of the District Court of Smith County, Texas * * * is hereby perpetuated * * *."

On July 12, 1965, the City of Tyler filed its petition in the District Court of the 7th Judicial District, Smith County, in which it alleged that St. Louis Southwestern Railway Company of Texas was moving its general offices and machine shops from Tyler in violation of the court's judgment. The City prayed for a cease and desist order and for an order to show cause why the Railway Company and its officers and agents should not be held in contempt for violating the injunction perpetuated by the judgment of this Court. The Railway Company removed the suit to the United States District Court for the Eastern District of Texas, Tyler division, and filed a separate suit in that Court in which the principal relief sought was (1) a declaratory judgment that the judgment of 1906 was void and unenforceable, and (2) enjoining further prosecution of the contempt proceedings in the state district court. The United States District Court remanded the contempt action to the state district court and dismissed the separate suit for declaratory and injunctive relief. Railway Company then filed the instant proceeding in this Court.

Railway Company seeks to vacate, modify or suspend the judgment of 1906 on the ground that the Congress of the United States by enactment of the Transportation Act of 1920 and subsequent amendments, pre-empted the subject matter of the judgment and vested exclusive jurisdiction to regulate the subject matter thereof in the Interstate Commerce Commission, which jurisdiction the Interstate Commerce Commission has exercised by an order entered in 1953 expressly relieving Railway Company of any obligation under the laws of Texas, "contractual, statutory or other," to maintain machine shops or other facilities at any particular place or places, and authorizing location changes of such facilities as in the judgment of the Board of Directors would enable Railway Company to operate the properties in the public interest with the greatest economy and efficiency.

■ The first question presented is whether this Court has jurisdiction to grant the relief sought. Before the relief sought can be granted, a preliminary determination must be made that changed conditions require or authorize vacation, modification or suspension of the 1906 judgment. The question to be decided, then, is this: Does the Supreme Court have jurisdiction to determine in the first instance whether a judgment rendered and entered by it as a court of review has become void or unenforceable because of changed conditions? We hold that it does not; that jurisdiction so to determine lies with the trial court in which the case was pending when final judgment was entered.

■ The Supreme Court is primarily a court of appellate review, with its powers of review limited to questions of law. Sec. 3, Art. 5, Constitution of Texas, Vernon's Ann.St.; City of Dallas v. Dixon, Tex.Sup., 365 S.W.2d 919, 923 (1963); Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641, 645–646 (1933). Other than with respect to some particular matters not relevant to this discussion, the Court's jurisdiction to act beyond the scope of appellate review is granted and limited by Sec. 3, Art. 5, supra, to the issuance of writs of habeas corpus "as may be prescribed by law, and under such regulations as may be prescribed by law;" the issuance of such writs "as may be necessary to enforce its jurisdiction;" the issuance of "writs of quo warranto and mandamus" in such cases as may be specified by the Legislature; and the ascertainment of "such matters of fact as may be necessary to the proper exercise of its jurisdiction." Jurisdiction to vacate or modify its prior judgments not being expressly conferred on this Court, it must exist, if at all, by implication.

■ When the Supreme Court directs the issuance of a writ as an original proposition to preserve or enforce its jurisdiction, there can be no doubt of its jurisdictional power to vacate or modify the judgment which directed its issuance; having entered the judgment in the exercise of its original jurisdiction, it necessarily has the power to vacate or to modify it. It does not follow, however, that it may vacate or modify a judgment it has rendered and entered as a court of review after the judgment has become final.

■ When as a court of review this Court affirms a judgment of a trial court or enters a judgment which a trial court should have entered, the judgment becomes a judgment of both courts—the trial court and this Court. Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94, 96 (1940); Houston Oil Co. of Texas v. Village Mills Co., 123 Tex. 253, 71 S.W.2d 1087, 1089 (1934). In that situation and in the absence of changed conditions it is the duty of the trial court to enforce the judgment as entered; and, if necessary, this Court can compel its enforcement. Gulf, Colorado & Santa Fe Ry. Co. v. City of Beaumont, Tex.Sup., 373 S.W.2d 741 (1964); Conley v. Anderson, Tex.Sup., 164 S.W. 985 (1913); Hovey v. Shepherd, 105 Tex. 237, 147 S.W. 224 (1912). But jurisdiction of this Court to compel enforcement of the judgment does not include jurisdictional power to vacate or modify the judgment because of changed conditions; that power lies alone with the trial court which can subpoena witnesses, take evidence and make findings of fact from a preponderance of the evidence. While this question has not heretofore been decided, we have no doubt of the correctness of our holding. Any other holding would bring the jurisdiction of this Court and of trial courts into conflict in violation of the rule of construction announced in Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641, 645 (1933), as follows:

"We should, of course, interpret and construe the various sections of the Constitution defining the jurisdiction of our several courts in such manner as to harmonize them, to the end that each court, whether trial or appellate, shall be

permitted to exercise the power conferred upon it without conflict with the authority confided to another tribunal."

Trial courts undoubtedly have jurisdiction to modify or vacate their judgments granting permanent injunctions because of changed conditions. See 68 A.L.R. 1180; 136 A.L.R. 765; Carleton v. Dierks, Tex. Civ.App., 203 S.W.2d 552, 557 (1947); writ ref., n. r. e.; Uvalde Paving Co. v. Kennedy, Tex.Civ.App., 22 S.W.2d 1091, 1092 (1929), no writ hist. Their judgments doing so or refusing to do so are, of course, reviewable on appeal; but their original jurisdiction to make the decision is exclusive.

The motion is dismissed.