**L. C. FULLER, Appellant,**

v.

**WALTER E. HELLER & COMPANY and Republic Equipment Leasing Corporation, Appellees.**

**No. 17903.**

Court of Civil Appeals of Texas, Dallas.

June 22, 1972.

Rehearing Denied July 20, 1972.

Tom C. Fuller, Dallas, for appellant.

Francis W. Thayer, Storey, Armstrong & Steger, Dallas, for appellees.

CLAUDE WILLIAMS, Chief Justice.

This action was originally instituted in 1967 by Walter E. Heller & Company and Republic Equipment Leasing Corporation against Dalworth Machinery Company, Texas Construction Rentals, Inc., and L. C. Fuller, in which plaintiffs alleged default on the part of defendants in the payment of rentals under certain equipment lease contracts. Plaintiffs also alleged that certain described machinery, being the equipment leased to defendants, had not been returned to plaintiffs as required by the terms of the lease but that defendants had wrongfully retained possession of the property. Plaintiffs prayed (1) that they have money judgment against defendants for the amount of rentals due and that (2) defendants be restrained from retaining possession of such equipment and ordered to return the same to plaintiffs.

Plaintiffs in the original action also filed their application for injunction in a separate pleading in which they alleged that defendants had moved all of the items of equipment sued for to a foreign country, namely the Republic of Mexico, and were deliberately keeping the property in Mexico in fraud of the rights of plaintiffs. Alleging an inadequacy of remedy at law plaintiffs asked the court to grant a temporary injunction restraining the defendants from "further keeping the property out of the

State of Texas, the County of Dallas, and the possession of the Plaintiffs, and ordering the Defendants to return Plaintiffs' property to them in Dallas County, Texas, pending the final determination of said suit now before the Court."

The matter came on to be heard by the district court on October 8, 1968 and the defendant corporations appeared through their president and chief executive officer, L. C. Fuller, who, acting pro se, agreed with plaintiffs through their attorney, that the court might proceed to hear all issues on the trial of the merits, including the request for injunctive relief. The court proceeded to hear the testimony and, on October 11, 1968, entered and signed two forms of judgment. In the first judgment the court granted plaintiffs judgment against the defendants for the various sums of money representing default payments on the lease agreements. In the second form of judgment entitled "Mandatory Injunction," the court found that L. C. Fuller had possession and control of all of the items of personal property (with two exceptions) and that, as executive officer and president of the two defendant corporations, had failed and refused to return said property to plaintiffs. The order concluded:

"IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that the Defendant, L. C. FULLER, Individually and as President and Chief Executive Officer of the corporate Defendants herein, is enjoined and restrained from further retaining the above-described property in his possession and is hereby ordered and directed to return all of such property to the possession and control of the Plaintiff, REPUBLIC EQUIPMENT LEASING CORPORATION, to the yard of DARR EQUIPMENT COMPANY on Highway 183, in Irving, Dallas County, Texas, on or before the 10th day of November, 1968.

"To all of which order the Defendants then and there in open court excepted, and gave notice of appeal."

No appeal was perfected from the judgment.

On August 27, 1971 L. C. Fuller filed in the district court his "Motion to Dismiss Injunction," in which he alleged partial compliance with the court's prior order to return the equipment to plaintiffs but alleged that he has been unable to locate all of the equipment covered by the injunction so that it is impossible for him to further comply with the terms of such order. He prayed that the injunction be dismissed. The trial court determined that it was without jurisdiction to hear the motion and therefore dismissed the same. From this order Fuller appeals.

■ From a careful reading of this record it is quite apparent to us that whereas the trial court actually signed two forms of judgment on October 11, 1968 that there was really only one judgment rendered by the court. When the case came on to be heard there were presented two questions, (1) the amounts of money sought by plaintiffs for breach of the rental agreement, and (2) the application for injunctive relief. The record reveals that at the beginning of the trial plaintiffs' attorney requested the court to rule whether or not the trial was concerned only with the request for mandatory injunction, or whether it was a full and complete hearing on all issues before the court. The court advised that all issues would be decided and this was agreed to by the plaintiffs through their attorney and L. C. Fuller representing himself. Under these conditions it was perfectly in order for the court to proceed to hear the application for injunctive relief on the merits of the case and to render final judgment concerning both issues. This he did on the same date but in two forms of orders. Rule 301, Vernon's Texas Rules of Civil Procedure, is specific that, "Only one final judgment shall be rendered in any cause except where it is otherwise specifically provided by law." We hold that only one judgment was rendered which disposed of all of the issues and subject matter of the litigation.

Appellant seeks reversal of the trial court's refusal to hear his motion to vacate the injunctive order primarily upon the contention that such order was of such a nature as to give to the trial court continuing jurisdiction to change, alter or modify the same upon a showing of change in circumstances. He relies upon City of Tyler et al. v. St. Louis Southwestern Ry. Co. of Texas, 405 S.W.2d 330 (Tex.Sup.1966); Carleton v. Dierks, 203 S.W.2d 552 (Tex. Civ.App., Austin 1947); and Uvalde Paving Company v. Kennedy, 22 S.W.2d 1091 (Tex.Civ.App., Waco 1929).

A careful analysis of each of these cases reveals distinguishing facts which, in our opinion, render the rule announced in those decisions inapplicable to the case now under consideration. In *City of Tyler*, supra, several residents of the City of Tyler instituted suit in the district court in which they sought to enjoin the St. Louis Southwestern Railway Company of Texas from removing its general offices, machine shops and roundhouses from the City of Tyler. The trial court, in 1906, issued a permanent injunction ordering and directing the railway company to keep and maintain its offices and machine shops in Tyler. Many years later the railway company sought to vacate, modify and suspend the judgment on the grounds of change of conditions and circumstances. The Supreme Court held that it did not have jurisdiction to hear the application for modification of the injunction but that the trial court did have such jurisdiction to vacate its judgment because of changed conditions. In *Carleton*, supra, a permanent injunction had been obtained restraining the use of an easement or roadway. In *Uvalde Paving Company*, supra, a permanent injunction had been issued restraining the sale of certain real property "under any execution that might thereafter be issued on said judgment." Each of these cases clearly involved a permanent injunction that dealt with a continuing situation. Under such facts it is undoubtedly the law that the court granting such permanent injunction may retain jurisdiction to change, alter or modify the same depending upon the facts and circumstances subsequently shown to change the reason for the granting of equitable relief.

■ In the case before us, however, the injunction issued by the court on October 11, 1968 was clear and definite in its terms. The order directed Fuller to return the equipment to a definite place in Dallas County, Texas on a definite date, to-wit, November 10, 1968. This order, unlike those set forth in the cases discussed above, was not one dealing with a continuing situation that would carry with it the continuing right of the trial court to change, alter or modify the decree upon a showing of change of conditions or circumstances. The order of October 11, 1968 became final and was not appealed.

■ We think it is also apparent from this record that the relief granted on October 11, 1968 in the form of a "Mandatory Injunction" was in reality the granting of appellees' original prayer for specific performance of the lease contracts. It is settled law in Texas that performance of a contract may be specifically enforced by an injunction restraining acts in violation of the contract, such being, in effect, a negative decree of specific performance. 52 Tex.Jur.2d, "Specific Performance", § 5, pp. 524–525, and 31 Tex.Jur.2d, "Injunctions", § 67, p. 145. As stated in the last cited authority the remedy of injunction is an indirect specific performance of the contract and is governed by the same principles as specific performance. See also Beckham v. Munger Oil & Cotton Company, 185 S.W. 991 (Tex.Civ.App., Dallas 1916); Municipal Gas Company v. Lone Star Gas Company, 259 S.W. 684 (Tex.Civ.App., Dallas 1924); National Life Company v. Rice, 140 Tex. 315, 167 S.W.2d 1021 (Comm'n App., opinion adopted 1943); Aldridge Seed Farms v. Texas Centennial Central Exposition, 95 S.W.2d 1051 (Tex.Civ.App., Dallas 1936); and Pullman Palace Car Co. v. Texas & Pacific R. Co., 5 Cir., 11 F. 625 (1882).

We construe the judgment of October 11, 1968 to be one of specific performance which judgment became final thirty days after the judgment since there was no motion for a new trial filed or appeal taken. Rule 329b, T.R.C.P.

We have carefully considered appellant's points of error and find the same to be without merit and they are therefore overruled. The order of the trial court dismissing appellant's motion for want of jurisdiction is affirmed.

Affirmed.