**Motion Denied, Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 2, 2012.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-12-00201-CV

———————

## IN RE THOMAS G. SCHURING and ROSE M. SCHURING, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**61st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-76232**

---

## MEMORANDUM OPINION

On March 2, 2012, relators Thomas G. Schuring and Rose M. Schuring filed a petition for writ of mandamus in this court.  *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52.  Relators complain that respondent, the Honorable Al Bennett, presiding judge of the 61st District Court of Harris County, abused his discretion in denying their motion to dissolve a permanent mandatory injunction that was signed November 23, 2010, based on changed circumstances.  Relators also filed a motion to stay all proceedings in the trial court because a motion for contempt for failure to comply with the injunction is pending.  *See* Tex. R. App. P. 52.10.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against its detriments. *Id.* at 136. In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.*

Relators have not established that they are entitled to mandamus relief. As long as a permanent injunction order concerns a continuing situation, the trial court retains the power to change, alter, or modify the equitable relief it granted upon a showing of changed circumstances. *City of Tyler v. St. Louis Sw. Ry. Co.*, 405 S.W.2d 330, 333 (Tex. 1966). The trial court has jurisdiction to modify or vacate its permanent injunction judgment because of changed conditions, and the judgment doing so, or refusing to do so, is reviewable on appeal. *Id.* Therefore, relators had a remedy by appeal of the trial court's order, and they have not established that an appellate remedy is inadequate. After evaluating the benefits and detriments to mandamus relief based on the limited record before us, we cannot say that an appellate remedy is inadequate.

Accordingly, we deny relators' motion for stay and petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Jamison and McCally.


2