**DISSENT; Opinion Filed April 28, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-01551-CV

**WARREN CHEN AND DYNACOLOR, INC., Appellants**

**V.**

**RAZBERI TECHNOLOGIES, INC., THOMAS J. GALVIN, LIVEOAK VENTURE PARTNERS I, L.P., LIVEOAK VENTURES PARTNERS 1A, L.P., KENNETH L. AND VIRGINIA T. BOYDA, AS TRUSTEES OF THE BOYDA FAMILY REVOCABLE TRUST DATED 10/12/1990, AND JIRI AND ROSEMARY MODRY, AS TRUSTEES OF THE JRAM TRUST UDT, Appellees**

### On Appeal from the 193rd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-18-16568

## DISSENTING OPINION

Opinion by Justice Schenck

Appellants filed an accelerated notice of appeal challenging the trial court's denial of their special appearance. While the appeal was pending, neither the trial court nor a motions panel of this Court halted the pre-trial trial proceedings; as a result, the trial court pressed forward with discovery and, eventually, rendered a judgment on the merits in appellees' favor. Appellants did not file a second notice of appeal following that judgment to reassert its claim that the trial court lacked

jurisdiction, and appellees moved to dismiss this appeal as moot. The merits panel assigned to hear the appeal initially granted that motion. After consideration of appellants' motion for rehearing, we granted rehearing and withdrew our earlier opinion dismissing appellants' interlocutory appeal.[1]

Appellees now seek further rehearing to reinstate dismissal of this appeal for lack of subject matter jurisdiction in this Court. Appellees do not contest that the appellants timely filed this appeal or that they properly lodged in this Court the question of whether the trial court could exercise the jurisdiction necessary to support a judgment. Rather, appellees urge that because "a final judgment [since] has been entered" this "Court [now] lacks jurisdiction over [it]." Appellees thus present a question not addressed by earlier jurisprudence of whether a second, "protective" notice of appeal from a final judgment is necessary for this Court to maintain its pre-existing jurisdiction over an interlocutory appeal. As detailed below, I believe that prospect is foreclosed by the plain language of our appellate rules and the constitution. The former make clear that while an interlocutory appeal "is pending, . . . the [trial] court *must not make an order that . . . interferes with or impairs the jurisdiction of the appellate court*." TEX. R. APP. P. 29.5(b) (emphasis added). And, more broadly, where the legislature vests jurisdiction over any

---

[1] The panel now hearing appellees' motion for rehearing is the same as the panel that issued the opinions and orders described above; however, as a result of the 2020 elections, Justices Smith and Garcia have succeeded panel members Justices Browning and Whitehill, respectively.

question in an appellate court, including and especially the question of whether a district court possesses the jurisdiction necessary to render a judgment, that jurisdiction is exclusive.[2] *City of Tyler v. St. Louis Sw. Ry. Co. of Tex.*, 405 S.W.2d 330, 332–33 (Tex. 1966).

While I agree that the trial court had discretion, absent a stay,[3] to move forward on the strength of its own interlocutory jurisdictional ruling up to, at most, "trial" under Texas Civil Practice & Remedies Code Section 51.014(b) and our Rule 29.5(b), I believe the question of whether it might render a final judgment requires a final determination of its power to render a judgment—the sole question raised by the due process minimum contacts question,[4] which was already vested exclusively in this Court at the time it purported to do so.

And, regardless of whether a trial court might ever render judgment while the question of its authority to do so is already pending in a superior court, our rules appear to require us, as an intermediate appellate court subject to Rule 27.3, to "treat the appeal as from the subsequent . . . judgment." TEX. R. APP. P. 27.3.

---

[2] While districts courts in Texas have broad jurisdiction, that jurisdiction ceases "where exclusive, appellate jurisdiction has been conferred by [the] [C]onstitution or other law on" another court. *See* TEX. CONST. art. V, § 8. *E.g.*, *Ferguson v. DRG/Colony N.*, 764 S.W.2d 874, 880 (Tex. App.—Austin 1989, writ denied).

[3] While I believe the pre-trial proceedings should have been stayed to preserve the possibility of a more practical remedy in the event of reversal, that question was unfortunately and irretrievably answered by a motions panel of this Court prior to this panel submission.

[4] *Van Cauwenberghe v. Biard*, 486 U.S. 517, 526 (1988).

Because the majority's decision is to the contrary, I respectfully dissent.

## I. THE RECENT *ERCOT* DECISION IS INSTRUCTIVE, BUT ITS EFFECT ON THE QUESTIONS PRESENTED HERE IS LIMITED

The case before us presents an interesting and complicated question of subject matter jurisdiction.[5] Recently, the supreme court issued an opinion that figures prominently in our analysis. *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 2021 WL 1047236, at *2 (Tex. Mar. 19, 2021) (*ERCOT*). While the *ERCOT* opinion deals directly with the supreme court's jurisdiction and the concept of mootness, it is also instructive on the question of subject matter jurisdiction in the lower courts.

In *ERCOT*, the trial court had initially denied a plea to its jurisdiction—a decision that was brought forward on interlocutory appeal. "But," as the supreme court would note: "after that decision, *and before the parties asked us to review [it], the trial court vacated its initial interlocutory decision*," meaning that the interlocutory decision no longer had any effect as between the parties at the time the petition was filed. *See id.* at *2. Meanwhile, the trial court had also "entered a final

---

[5] When the appellate mandate issues in this or any other case is neither unclear nor complicated, however—it issues only after the time for rehearing and any review by the supreme court has expired. *See* TEX. R. APP. P. 18.1. Appellees urgently inform us that they have elected to engage in execution on the trial court's judgment, nevertheless, and began doing so in September 2020. The parties' respective decisions with regards to whether to supersede a judgment or to take on the well-known risks of execution in advance of appellate finality are theirs to make and have no effect on the jurisdiction of this Court or the supreme court. *E.g.*, TEX. CIV. PRAC. & REM. CODE § 34.022; *Teve Holdings, Ltd. v. Jackson*, 763 S.W.2d 905, 909 (Tex. App.—Houston [1st Dist.] 1988, no writ) (judgment creditor may execute and sell property of judgment debtor where judgment has not been superseded but subject to remedy at "fair market value" upon later reversal).

–4–

judgment in the underlying suit, and that judgment is now the subject of a separate ['protective'] appeal pending in the court of appeals." This posture left the supreme court to determine whether its own review of the interlocutory appeal could be pursued after the underlying order had been vacated, before the filing of the petition, and the question had been separately presented in the intermediate appellate court by a second "protective appeal."[6]

*ERCOT*'s facts and posture are materially different—opposite in fact—from those at issue in this case. The question presented in this case was what would have happened (at least in an intermediate appellate court) if the trial court's order in *ERCOT* had not been vacated, but remained extant throughout, and (to mirror our posture) ERCOT filed a timely interlocutory appeal but, after suffering an adverse final judgment during its pendency, failed to file a second "protective" notice of appeal as its opponent did when actually faced with the opposite posture. *See id.* at *3. I do not believe there is any authority, apart from the earlier opinion in this case, that would purport to authorize the trial court to render final judgment decreeing its own jurisdiction to do so while that same question remained pending on appeal in a superior court. Stated somewhat differently, I do not believe that a lower court can proceed to exercise the jurisdiction necessary to render a final judgment where a superior court is vested with the exclusive authority to decide that question.

---

[6] In this latter respect, *ERCOT* would seem to confirm the broader, structural notion that basic questions of subject matter jurisdiction should not be vested simultaneously in two different courts.

**II.** **THIS APPEAL IMPLICATES DEFENDANT'S RIGHT TO AVOID THE BURDEN OF DEFENDING AND THE TRIAL COURT'S POWER TO RENDER JUDGMENT, BUT ONLY THE LATTER POSES A JURISDICTIONAL QUESTION AND THAT QUESTION WAS PENDING HERE WHEN THE TRIAL COURT PURPORTED TO EXERCISE IT.**

Before delving into the nuts and bolts of the constitution and rules as they control this issue, it is useful to consider the basic nature of the personal jurisdiction question as it arises in the trial court and on appeal. To be sure, every court must, by inexorable force of logic, possess jurisdiction to determine its own jurisdiction at the outset. *Harrel v. State*, 286 S.W.3d 315, 317 (Tex. 2008); *see also United States v. Shipp*, 203 U.S. 563, 573 (1906). That much is settled, as a matter of procedure, by rule 120a, which requires the parties and the trial court alike to make a preliminary or "provisional"[7] determination of personal jurisdiction at the very outset. That initial determination is a logical imperative of the nature of the right at issue in the interlocutory appeal statute, if not due process—namely of not merely avoiding a judgment, but of also avoiding the costs and burdens associated with defending the proceedings in the interim. Accordingly, recognizing the right only after a trial and judgment would, in the eyes of the legislature, be less than fully effectual.[8]

---

[7] *See Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987); *Kehoe v. Pollack*, 526 S.W.3d 781, 789 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *see also Racher v. Lusk*, 674 Fed. App'x 787, 790–91 (10th Cir. 2016).

[8] Similarly, recognizing a governmental entity's immunity to suit only after a trial and judgment would undermine the intent behind such policy. *See Hughes v. Tom Green Cty.*, 573 S.W.3d 212, 218 (Tex. 2019) (recognizing purpose of sovereign immunity doctrine to protect public from costs and consequences of improvident actions of their governments).

But the court must also determine (and by necessity be exercising) its jurisdiction over the parties and the subject matter again *at the time it enters judgment*—that is to say, not merely to make a preliminary determination of its own jurisdiction, but a final one with the full preclusive effect it would entail. *E.g.*, *Beagles & Elliot Enters. v. Fla. Aircraft Exch.*, 70 Fed. App'x 185, 186–87 (5th Cir. 2003) (after prima facie showing used to establish personal jurisdiction, plaintiff must establish personal jurisdiction at trial by preponderance of evidence); *Crawford v. McDonald*, 33 S.W. 325, 328 (Tex. 1895) (court must determine jurisdiction over parties and subject matter at judgment); *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987) (judgment void when court rendering judgment "had no jurisdiction of parties, no jurisdiction of the subject matter, or no jurisdiction to enter judgment"). That interest in avoiding judgment, and that interest alone, is what the U.S. Supreme Court has recognized as entitled to protection under the Due Process Clause. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 526 (1988) ("[T]he individual interest protected is in *not being subject to the binding judgments of a forum with which [the defendant] has established no meaningful contacts . . . .*"). Hence, the right to seek review from the initial, interlocutory determination—and the costs and burdens of defending in the interim—is a matter of legislative choice. *Id.* What matters here is that the Texas Legislature has in fact authorized jurisdiction in an appellate court immediately upon the initial determination and that it was properly invoked, as all

–7–

concede.[9] That jurisdiction reaches not just to the discretionary stay question in the trial or appellate courts of what should happen with the case *in the interim*, as specifically addressed in section 51.014(b) of the civil practice & remedies code up to "trial," but to the controlling constitutional, "jurisdictional" question of whether the trial court might ever enter a judgment. Our reversal of an order denying a special appearance, postured as the question of whether the defendant is even amenable to suit, if answered in the negative, is preclusive of *any* further efforts to litigate the question of the defendant's amenability to judgment.[10]

Given that a preliminary, interlocutory ruling on the special appearance answers only whether the defendant might be obliged to appear and defend, *pending a final judgment*, the defendant may choose to accede in the initial determination and challenge only the judgment itself. *See* TEX. R. CIV. P. 120a(4) (if objection to jurisdiction is overruled, objecting party may thereafter appear generally for any purpose, and any such appearance shall not be deemed waiver of objection to jurisdiction); *see also, e.g.*, *Aduli v. Aduli*, 368 S.W.3d 805, 813 (Tex. App.—

---

[9] Were it otherwise, and were the preliminary determination of the special appearance to not merely answer the question of whether the court might proceed *towards* judgment and the concomitant final determination of its own jurisdiction, the defendant would be immediately obliged to pursue an interlocutory appeal on the denial of his special appearance at the peril of waiving any later jurisdiction challenge to the judgment. That, of course, is not the law. *Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders*, 603 S.W.3d 385 (Tex. 2020); *Moring v. Inspectorate Am. Corp.*, 529 S.W.3d 145, 150 (Tex. App.—Houston [14th Dist.] 2017, pet. denied).

[10] *See Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986) ("law of the case" doctrine defined); *see also, e.g.*, *PET Ja, S.A. v. Shell Compania Argentina de Petroleo, S.A.*, No. 01-02-00661-CV, 2003 WL 854163, at *5 n.5 (Tex. App.—Houston [1st Dist.] Mar. 6, 2003, pet. denied) (mem. op.).

Houston [14th Dist.] 2012, no pet.) (reviewing trial court's denial of special appearance on direct appeal of final judgment, not on interlocutory appeal).

The question here, of course, is reversed: whether the defendant who has already and immediately challenged the court's exercise of *any* jurisdictional authority over him still leaves himself open to the entry of judgment unless he later pursues a further appeal. Because the interlocutory determination of whether the defendant might be obliged to participate in the interim is a necessary antecedent to that ultimate question,[11] the interlocutory appeal will broadly answer the question of the trial court's authority comprehensively. The question of whether the trial court might proceed "*to trial*" in the interim is a matter of law, where so dictated by statute, and/or of discretion,[12] initially of the trial court, and ultimately by this Court. *See Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007).

As discussed in greater detail below, I can see no basis either for the trial court's proceeding *to judgment* while this court is vested with exclusive jurisdiction over the question of its authority to do so or for requiring the appellant to file a second appeal when it does so anyway. *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 400 (Tex. 1979) ("When the constitution expressly grants jurisdiction over a

---

[11] *Ton's Remodeling v. Fung's Kitchen*, No. 01-05-01077-CV, 2007 WL 1776030, at *5 (Tex. App.—Houston [1st Dist.] June 21, 2007, pet. denied) (mem. op.).

[12] Even where the legislature has not directed a stay or authorized one pending an interlocutory appeal, a trial court has discretion over its docket. In this instance, the legislature has explicitly provided for a stay of "trial" that is automatic where submission or hearing is timely requested.

particular subject matter to a particular court and not upon another, then it is to be presumed that the 'jurisdiction' so conferred is exclusive.").

### III. WHETHER VIEWED AS A QUESTION OF THE DEFENDANT'S AMENABILITY TO SUIT, JUDGMENT, OR BOTH, ONCE THAT JURISDICTIONAL QUESTION IS VESTED IN THIS COURT, ITS JURISDICTION CANNOT BE DIVESTED BY AN INFERIOR COURT

No one doubts that the legislature has afforded the disappointed Rule 120a movant with an immediate right of review, vesting the power to decide the final question of the jurisdiction over the trial court's power in a superior court. Likewise, no one questions that this jurisdictional grant was in fact properly invoked here long before the trial court proceeded to entry of judgment.

The question of what a trial court might do after an appeal questioning its jurisdiction has been filed is either automatic (where the legislature has mandated it) or a matter of discretion for the trial court and, ultimately, the court of appeals in which the jurisdictional question is vested. Notably, while the legislature has mandated stays in some cases and merely authorized it on others, it has only seen it as necessary to address the stay question to "commencement of trial" or the "proceedings" in advance of it. The notion that a trial court might render final judgment while a superior court is determining its own jurisdiction to do so, is, in my view, unaddressed because it is controlled by the constitution itself and, in all events, the rules promulgated by the supreme court pursuant to its constitutional authority to govern the operations of the judiciary. *E.g.*, TEX. R. APP. P. 29.5(b); TEX. CONST. art. V, § 8; *Ferguson*, 764 S.W.2d at 880. As the supreme court has

–10–

repeatedly held: "[w]e . . . construe the . . . provisions defining the jurisdiction of our several courts . . . to the end that each court, trial or appellate, shall be permitted to exercise the power conferred upon it without conflict with the authority confided in another." *City of Tyler*, 405 S.W.2d at 332–33 (quoting *Morrow v. Corbin*, 62 S.W. 641 (Tex. 1933)).

Meanwhile, as noted above, our determination of the appeal from the otherwise interlocutory ruling on the special appearance is not limited to the question of whether the defendant might have to appear at that moment. *See, e.g.*, *Beagles & Elliot Enters.*, 70 Fed. Appx. at 186–87; *Crawford*, 33 S.W. at 328; *Cook*, 733 S.W.2d at 140. Instead, it goes to and controls the broader overarching question of whether the trial court might render a judgment as well. *See Hudson*, 711 S.W.2d at 630. I am aware of no authority that would purport to permit the trial court to render judgment when an appellate court is vested with jurisdiction over that same question, and thus must presume it to be lacking, *City of Tyler*, 405 S.W.2d at 332, and that such a judgment would be void. *Cook*, 733 S.W.2d at 140.

Notably, the *ERCOT* majority's discussion of general mootness principles noted a variety of decisions from lower courts finding a subsequent judgment to moot a pending interlocutory appeal. With two notable exceptions, none of those cases presented the question of whether an appeal over the trial court's interlocutory decision *over its own jurisdiction* could be mooted by action of the trial court itself. Most instances involving mootness issues involve the interstitial actions prior to

judgment that concern what will happen as among the parties between the time of the challenged decision and a final judgment. Those questions are distinct from the question lodged before the appellate court.

To be sure, there will be many controversies that have natural life and death between the time of an interlocutory order and final judgment—as an order awarding physical possession of Blackacre to A for the duration of trial cannot be literally unwound after judgment. Likewise, temporary injunction orders, temporary orders in family cases, and class certification orders all deal with rulings with predictable and anticipated expiration dates and durations. The question of whether the parties were placed in the correct posture *in the interim* and for each day the appeal from the question is pending will obviously become moot when judgment is entered. There is also no interference with the appellate court's review either of that interim question or, more importantly, the "case and controversy" where the trial court proceeds to judgment on the qualitatively different and more important question— presumably, who will own Blackacre, have custody or the like, forever.

I am aware of only two cases that approach the problem we face here: *City of Lancaster v. White Rock Commercial, LLC*, No. 05-16-00842-CV, 2017 WL 2875520, at *1 (Tex. App.—Dallas July 6, 2017, no pet.) (mem. op.), and our previous decision in this case. Both arise from this Court and neither has any claim on our disposition here.

In *Lancaster*, the appellant–defendant filed a notice of interlocutory appeal from the trial court's order denying its special appearance, but while that appeal was pending, the underlying case proceeded to trial and final judgment. *See id.* at *1. Unlike the appellants here, however, the appellant–defendant also perfected an appeal from the final judgment. *See id.* Faced with two notices of appeal and no claimed threat to our jurisdiction, we administratively dismissed the interlocutory appeal, leaving the case or controversy it posed to be resolved with the record from the final judgment. *See id.*

I am not aware of any decision, from this or any other appellate court, addressing the question in relation to an interlocutory notice of appeal that properly poses the question of the trial court's jurisdiction, followed by the trial court's entry of final judgment without a second or "protective" notice of appeal.[13] The answer to that lack of controlling authority may lie further in our rules.

## IV. THIS COURT IS OBLIGED TO GIVE CONTINUING EFFECT TO THE NOTICE OF APPEAL

While I believe the prospect of jurisdiction over our appeal being divested by a later jurisdictional determination by the trial court is comprehensively foreclosed by the constitution and rules, even putting that weighty question aside, we must deal with the more pedestrian question of whether the appellate rules would compel us to

---

[13] *See also DeWolf v. Kohler*, 452 S.W.3d 373, 384 n.6 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (noting in footnote that appeal of denial of appellant's special appearance from which no interlocutory appeal was taken could be included in appeal of final judgment because matter was not moot).

treat the first notice of appeal as sufficient or whether a second, "protective" notice of appeal is mandatory.

As the *ERCOT* court pointed out, Rule 27.3 requires an intermediate court of appeal, like this one, to treat an interlocutory appeal as an appeal from the final judgment. *See ERCOT*, 2021 WL 1047236, at \*6 n.17. Rule 27.3 provides:

> *After an order or judgment in a civil case has been appealed*, if the trial court modifies the order or judgment, or if the trial court vacates the order or judgment and *replaces it with another appealable order or judgment*, the appellate court *must treat the appeal as from the subsequent order or judgment* and may treat actions relating to the appeal of the first order or judgment as relating to the appeal of the subsequent order or judgment. The subsequent order or judgment and actions relating to it may be included in the original or supplemental record. Any party may nonetheless appeal from the subsequent order or judgment.

TEX. R. APP. P. 27.3 (emphases added). Indeed, the *ERCOT* court explained that if the trial court in that case had entered a final judgment before the *court of appeals* decided the interlocutory appeal, Rule 27.3 "would have required" the court of appeals to treat that interlocutory appeal as an appeal from the final judgment. *See ERCOT*, 2021 WL 1047236, at \*6 n.17. What mattered to the *ERCOT* majority, and what controlled the result there, was that this rule is *only applicable to the intermediate courts*. As this Court is, unlike the supreme court, subject to that rule, I believe that we should follow it.

To the extent *ERCOT* leaves open any question of whether we should require appellants here to file a second, protective notice of appeal, we have been given guidance on that issue (repeatedly) as well:

–14–

This Court has never wavered from the principle that appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal. We have repeatedly held that a court of appeals has jurisdiction over any appeal in which the appellant files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction. Our decisions reflect the policy embodied in our appellate rules that disfavors disposing of appeals based upon harmless procedural defects. Thus, we have instructed the courts of appeals to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule.

*Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997); *see also Brighton v. Koss*, 415 S.W.3d 864, 866 (Tex. 2011); *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 664 (Tex. 2011) (per curiam) (reversing dismissal of appeal where arguable interpretation of rules allowed premature, pre-judgment motion for judgment notwithstanding verdict to extend appellate timetable); *Parker v. Schlumberger Tech. Corp.*, 475 S.W.3d 914, 926 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (second notice of appeal not required where trial court modified temporary injunction while interlocutory appeal pending).[14]

---

[14] This liberal construction of our appellate rules is also consistent with Rule 329b(h) regarding judgments. *See* TEX. R. CIV. P. 329b(h) (providing appellate timetable restarts when trial court modifies judgment in any respect).

## CONCLUSION

Because I would not grant appellees' motion for rehearing and would instead treat the interlocutory appeal as an appeal from the final judgment and address the merits of the trial court's decision to grant appellants' special appearances, I dissent.

/David J. Schenck/

DAVID J. SCHENCK
JUSTICE

191551DF.P05