In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00139-CV**

_____

**IN RE DWAYNE CARDALE MCQUEEN**

_____

**Original Proceeding**
**88th District Court of Tyler County, Texas**
**Trial Cause No. 23,317**

_____

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Dwayne Cardale McQueen contends that the trial court has failed to perform its ministerial duty to rule on motions that McQueen filed in a case after the trial court's plenary power over its judgment expired. We deny the petition for the writ of mandamus and the motion for temporary relief.

Background

On December 4, 2025, McQueen filed Defendant's Motion to Declare the 2014 Permanent Injunction Void as Applied to Defendant.[1] In that motion, McQueen asserts he became "the legal and record owner of the mineral estate[]" in 2019, and since the injunction issued before he "owned the property," his rights were not adjudicated in the 2014 permanent injunction, and the injunction is void as to him.

On December 4, 2025, McQueen filed Defendant's Motion to Declare the 2014 Permanent Injunction Void for Lack of Standing. In this motion, McQueen alleges the 2014 permanent injunction is void because the company that obtained the injunction, Anadarko Petroleum Corporation, no longer exists after a merger with Occidental Petroleum Corporation and no party with standing has been substituted into Trial Cause Number 23,317.

---

[1]McQueen provides no information about the nature of the injunction, other than that it issued in Trial Cause Number 23,317, a case McQueen identifies by the style *Anadarko Petroleum Corporation v. Dwayne McQueen*. We take judicial notice of our opinion in Appeal Number 09-24-00043-CV, in which we stated, "In 2014, McQueen raised claims against Zarvona's predecessor, Anadarko E&P Onshore, LLC. Anadarko obtained a permanent injunction against McQueen, enjoining him from coming within ten yards of any Anadarko oil or gas well in Tyler County or within 100 yards of Anadarko's field office." *McQueen v. Zarvona Energy LLC*, No. 09-24-00043-CV, 2025 WL 3167314, at *1 (Tex. App.—Beaumont Nov. 13, 2025, pet. denied) (mem. op.). McQueen has been involved in litigation with Anadarko and others in several cases, so it is unclear whether the injunction discussed in *McQueen v. Zarvona Energy* is the permanent injunction that issued in Trial Cause Number 23,317.

On December 4, 2025, McQueen filed Defendant's Motion for Finding of Failure to Substitute Parties and for Declaration that No Plaintiff Exists to Support the 2014 Permanent Injunction. In this motion, McQueen alleges Anadarko Petroleum Corporation no longer exists and that successor companies, Occidental Petroleum Corporation and Zarvona Energy, LLC, cannot enforce the injunction because they failed to substitute as parties in Trial Cause Number 23,317.

On December 5, 2025, McQueen filed Defendants Notice of Submission/Hearing (on Motions) for a December 19, 2025 submission.

On January 16, 2026, McQueen filed Defendant's Motion to Invoke the Court's Continuing Jurisdiction and for Clarification of [Submission] or Setting of Hearing. In this motion, McQueen asserts the trial court retains jurisdiction over the permanent injunction after the case was closed administratively and asks the trial court to set a hearing at the court's next available date.

On January 30, 2026, McQueen filed Defendant's Motion to Request a Hearing/Setting on Pending Motions. McQueen asserted a hearing would clarify the procedural posture of McQueen's post-judgment motions.

On February 17, 2026, McQueen filed Defendant's Notice and Request for Ruling on Pending Motions.

Analysis

McQueen argues the trial court has a ministerial duty to rule on his motions, but McQueen has not established that his lawsuit has been effectively reopened or revived. "Trial courts undoubtedly have jurisdiction to modify or vacate their judgments granting permanent injunctions because of changed conditions." *City of Tyler v. St. Louis Ry. Co. of Tex.*, 405 S.W.2d 330, 333 (Tex. 1966). The question is whether McQueen properly invoked that jurisdiction. We conclude he did not. In his motion McQueen asserts that the original parties are no longer interested in the injunction and suggests new parties possess the mineral interests that were at issue in Trial Cause Number 23,317. Absent a voluntary appearance, the trial court cannot acquire personal jurisdiction over new parties without issuance and service of citation of a new original petition to modify or dissolve the permanent injunction due to changed circumstances.

"To issue a valid and binding judgment or order, a court must have both subject-matter jurisdiction over a case and personal jurisdiction over the party it purports to bind." *Guardianship of Failey*, 650 S.W.3d 372, 379 (Tex. 2022). For the trial court to attain the power to bind a particular party to a judgment, the plaintiff must validly invoke that jurisdiction by valid service of process on the defendant. *Id*. at 380. Although Anadarko Petroleum Corporation may have been the original plaintiff and McQueen may have been the original defendant, in an action to dissolve

4

the permanent injunction McQueen would be the party seeking affirmative relief from whatever party is restricting the rights McQueen desires to exercise but that are constrained in some manner by the permanent injunction.

## Conclusion

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). On this record, McQueen has not shown an abuse of discretion by the trial court. Accordingly, we deny the petition for a writ of mandamus and the motion for temporary relief. *See* Tex. R. App. P. 52.8(a), 52.10.

PETITION DENIED.

PER CURIAM

Submitted on May 27, 2026
Opinion Delivered May 28, 2026

Before Golemon, C.J., Wright and Chambers, JJ.